**In re Esperanza LANZA, Debtor.**

**Martha Irene WEED, Plaintiff,**

**v.**

**Esperanza LANZA, Defendant.**

**Bankruptcy No. 88–5001–8P7.
Adv. No. 88–510.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 16, 1989.

David W. Steen, Clearwater, Fla., for plaintiff.

Harvey Paul Muslin, Tampa, Fla., for debtor/defendant.

### FINDINGS OF FACT,
### CONCLUSIONS OF LAW

### MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the immediate matter under consideration is a Complaint to determine the dischargeability of a debt filed by Martha Irene Weed, Plaintiff in the above-captioned adversary proceeding. The Complaint is filed against Esperanza Lanza, the Debtor/Defendant in the above-captioned Chapter 7 case and seeks a determination from this Court that a debt due and owing from the Debtor to the Plaintiff should be declared nondischargeable pursuant to § 523(a)(5) of the Bankruptcy Code. The facts as established at the final evidentiary hearing are without dispute and are as follows:

Prior to the filing of her Petition for Relief under Chapter 7 of the Bankruptcy Code, the Debtor initiated a divorce proceeding against her husband in the Circuit Court of the Thirteenth Judicial Circuit of the State of Florida. It appears that in connection with the divorce proceeding, the Plaintiff, who is an attorney, was appointed

as guardian ad litem for the Debtor's minor child. It appears that the Debtor's minor child had a certain learning disability and what was assessed to be emotional needs which required special treatment. It is undisputed that the Plaintiff's responsibilities as guardian ad litem were to represent the interests of the minor child in the divorce proceeding. On May 20, 1987, a Final Judgment was entered in the dissolution of the marriage of the Debtor and her former husband, Terry L. Youngblood. The Final Judgment provides that both the former husband and the Debtor shall be responsible for one half the fees owed to the guardian ad litem, the Plaintiff herein. On August 26, 1988, the Debtor filed her Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. On December 5, 1988, the Plaintiff filed this Complaint, seeking the determination that the debt owed to the Plaintiff by the Debtor pursuant to the Final Judgment entered in Circuit Court was a nondischargeable obligation pursuant to § 523(a)(5) of the Bankruptcy Code on the basis that the debt represents support for a child of the Debtor in connection with a divorce decree and orders of the Circuit Court for Hillsborough County.

Although the Debtor does not dispute the existence of the debt owed by the Debtor to the Plaintiff, the Debtor contends that these debts are not in the nature of alimony or support and, therefore, are not excepted from the Debtor's general discharge in bankruptcy.

§ 523. EXCEPTIONS TO DISCHARGE
(a) A discharge under section 727 ...of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support....

To accomplish the purpose behind the Bankruptcy Code, that is, to provide the Debtor with a fresh start, it is assumed that the debt is dischargeable unless the complaining former spouse bears the burden of proving nondischargeability, proves that the obligation under consideration is actually in the nature of alimony, maintenance or support. *Tilley v. Jessee*, 789 F.2d 1074 (4th Cir.1986). Obligations in the nature of alimony, maintenance or support include not only the payment of money or the transferring of property, but also the duty to pay the former spouse's attorney's fees incurred in the divorce proceeding if those fees are intertwined with the obtaining and enforcement of the alimony or support obligations. *In re Breen*, 50 B.R. 454 (Bankr.Del.1985). It is clear that the determination of the character of the obligation is based on federal law for purposes of determining dischargeability. *In re Basile*, 44 B.R. 221 (Bankr.M.D.Fla.1984).

Although the Plaintiff was appointed as guardian ad litem in the divorce proceeding, it appears and it is undisputed that at no time did the Plaintiff have to do anything to compel payment on behalf of the former spouses with respect to any child support, nor did the Plaintiff expend any time to see that the child was receiving proper support payment. In fact, it appears that the real purpose behind the appointment of this guardian ad litem, the Plaintiff herein, was for the representation of the child's interest in a custody dispute between the child's parents and not for any issues involving support or maintenance of the child. Based on the foregoing, this Court is satisfied that the fees due to the Plaintiff as guardian ad litem are not obligations incurred in connection with alimony, support or maintenance of the child in connection with the divorce proceeding, but instead were fees incurred with respect to the custody dispute, which certainly is not contemplated to come within the exceptive provisions of the Debtor's general discharge. Therefore, based on the fore-

going, this Court is satisfied that the Plaintiff has failed to meet her burden of proof as required by § 523(a)(5) of the Bankruptcy Code.

A separate Final Judgment will be entered in accordance with the foregoing.