**In re Robert Mark POE, Debtor.**

**Lloyd K. HOLTZ and Andrea Poe, Plaintiffs,**

**v.**

**Robert Mark POE, Defendant.**

**Bankruptcy No. 89–02316–W.**
**Adv. No. 89–0292–W.**

United States Bankruptcy Court,
N.D. Oklahoma.

Sept. 6, 1990.

Lloyd K. Holtz, Tulsa, Okl., for plaintiffs.

Debbra Gottschalk, Tulsa, Okl., for defendant.

MEMORANDUM DECISION
AND ORDER

MICKEY DAN WILSON, Chief Judge.

Lloyd K. Holtz and Andrea Poe brought an adversary proceeding against Robert Mark Poe seeking determination that certain debts, including award of attorney fees incurred in litigation over child custody, should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(5). The complaint has been confessed in part, and otherwise the matter has been submitted for

decision on stipulations and briefs. Upon consideration thereof, and of the record herein, the Court, pursuant to Bankruptcy Rule 7052, finds, concludes, and orders as follows.

## FINDINGS OF FACT

The parties stipulate, and the Court finds, as follows:

"1. That on or about the 10th day of May, 1984, the District Court of Tulsa County, State of Oklahoma, in Case No. JFD-84-1344, issued a Decree of Divorce to the Plaintiff therein, Robert Poe against the Defendant therein, Andrea Poe. That pursuant to the terms of said Decree, the Defendant Andrea Poe, was granted the exclusive care, custody and control of the two minor children Richard Poe, whose date of birth is March 2, 1983, and Robert J. Poe, whose date of birth is March 14, 1977. That the Plaintiff therein was ordered to pay the total sum of $200.00 per month for the care and maintenance of said minor children ...

"2. That on or about the 27th day of May, 1988, the Defendant Robert Poe filed a Motion to Modify the Decree of Divorce entered therein on the 10th day of May, 1984 and requested custody of the minor child Richard W. Poe. That on the 12th day of December, 1988 the Defendant Robert Poe, filed an Amended Motion to Modify requesting custody of both minor children.

"3. That on or about the 2nd day of February, 1989, in the midst of the custody trial, the Defendant, Robert Poe, dismissed without prejudice his Motion to Modify for change of custody. The Court ordered the Defendant, Robert Poe to pay a reasonable attorney's fee in the amount of One Thousand Dollars ($1,000.00) and payable within ninety days, for the use and benefit of Plaintiffs' attorney, Lloyd K. Holtz. (Exhibit B—Journal Entry of February 2, 1989.)

"4. That on or about the 5th day of May, 1989, the Plaintiff, Andrea Poe, filed an Application for Contempt Citation against the Defendant, Robert Poe, alleging an arrearage of child support of Ten Thousand Six Hundred Dollars ($10,600.00) through April 7, 1989, and praying for her costs and attorney fees. That the matter was heard on the 3rd day of August, 1989 before the Honorable Richard Gassett, and the Defendant Robert Poe, entered his plea of guilt[y] to the Plaintiffs' Application for Contempt Citation, and upon stipulation between the parties it was found that the said Defendant was in arrears in child support payments in the sum of Ten Thousand Dollars ($10,000.00) through April 7, 1989. The Defendant having waived his right to both jury and nonjury trial was thereupon found guilty of contempt and sentenced to thirty days (30) in jail and said sentence was stayed for a period of six (6) months for review and to give the Defendant, Robert Poe, an opportunity to purge himself. The Court further ordered an additional attorney's fee of Six Hundred Dollars ($600.00) for the use and benefit of Plaintiffs' attorney, Lloyd K. Holtz, for the prosecution of her claim against the Defendant, Robert Poe ...

"5. That prior to the judgment being rendered for attorneys' fees in the contempt matter, on August 3, 1989, the Plaintiff, Lloyd K. Holtz, had previously caused to be issued two garnishment summons on the original One Thousand Dollar ($1,000.00) attorney fee award from the custody proceeding. That the Defendant Robert Poe had the sum of One Hundred Forty Six Dollars and Seventy Six Cents ($146.76) deducted from his wages on or about the 11th day of May, 1989 ... and the further sum of One Hundred Forty Three Dollars and forty Cents ($143.40) deducted on or about the 29th day of June 1989 ... That said sum of Two Hundred Ninety Dollars and Sixteen Cents ($290.16) is a proper credit to the custody portion attorney fee of One Thousand Dollars. That said amount is further subject to garnishment costs and interest since the date of judgment.

"6. That the Defendant Robert Poe filed for bankruptcy relief on August 4, 1989 and was granted a discharge on November 29, 1989."

By order filed January 26, 1990, after pre-trial conference, this Court found "that the issues to be determined by the Court is whether or not an award of an attorneys fee of $1,000.00 earned and rendered concerning a hearing on a child custody matter in this divorce proceeding is nondischargeable; and whether the $300.00 paid by the Defendant [Robert Poe] should be allocated to previous attorneys fees awarded to the Plaintiff, Lloyd Holtz, in relation to a nondischargeable attorneys fee award concerning the collection of child support, or the $1,000.00 award made on behalf of Lloyd Holtz concerning the hearing on child custody. Other portions of the Plaintiff's Complaint have been confessed and admitted by the Defendant [Robert Poe] as being types of indebtedness which are in fact nondischargeable." Pursuant to other provisions of said order, the issues remaining to be decided were submitted for decision upon stipulations, filed February 9, 1990, and briefs, filed February 21 and February 26, 1990.

Any "Conclusions of Law" which ought more properly to be "Findings of Fact" are adopted and incorporated herein by reference.

## CONCLUSIONS OF LAW

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), 11 U.S.C. § 523(a)(5).

The parties, regardless of their status in the various actions mentioned in "Findings of Fact" above, are herein referred to as follows: Lloyd K. Holtz and Andrea Poe as "plaintiffs," and Robert Mark Poe as "debtor."

█ The first issue presented to the Court is whether an attorney fee of $1,000.00, awarded to plaintiffs upon dismissal of debtor's motion to modify the child custody provisions of a divorce decree, is excepted from discharge as a "debt ... to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child ... [which is] actually in the nature of alimony, maintenance, or support," 11 U.S.C. § 523(a)(5)(B).

The award appears to have been made pursuant to former 12 O.S. § 1276, recently renumbered as 43 O.S. § 110, which entrusts fee awards in such matters to the divorce court's discretion; see *Phillips v. Phillips*, 556 P.2d 607, 610 (Okl.1976). The "Journal Entry of Judgment" which made the award states no reasons whatever why the award was made, Stipulation ex. B.

It appears to this Court that attorney fees awarded in the course of divorce decrees or related litigation generally take on the character of the litigation in which they were incurred, *In re Bell*, 5 B.R. 653 (B.C., W.D.Okl.1980). This rule need not be absolute—for example, attorney fees incurred in protracted litigation over property division might be awarded to the prevailing spouse because that spouse could not afford to pay them otherwise and to "insure an efficient preparation of the case," 12 O.S. § 1276, and in such instance might well be characterized as support rather than as property division. All of these attorney fees were incurred in litigation over child custody, and there is no indication of any such extraordinary circumstances as might take the matter out of the general rule mentioned above; therefore, all of these attorney fees take on the same character as the child-custody litigation in which they were incurred. The question then arises, what is the character of this child-custody litigation? Is it an incident to "alimony, maintenance, or support" which is nondischargeable, or is it "property division" (or some such animal) which is dischargeable?

█ Debtor points out that the Uniform Child Custody Jurisdiction Act, adopted in Oklahoma, distinguishes "custody determination" from "child support," debtor's brief p. 5. However, in determining exceptions to discharge, Federal and not State law controls, *In re Goin*, 808 F.2d 1391, 1392 (10th Circ.1987). The question is not whether child custody litigation is the same as child support for purposes of the Uniform Child Custody Jurisdiction Act, but whether child custody litigation is the same as "alimony, maintenance, or support" for purposes of 11 U.S.C. § 523(a)(5).

Although Federal law controls, Federal bankruptcy courts may look to State law to help them ascertain the purposes for which an award was made. In Oklahoma, child custody is assigned according to the best interests of the child, former 12 O.S. §§ 1275.4, 1277.1, recently renumbered as 43 O.S. §§ 109, 113 respectively. In this Court's view, the best interest of the child is an inseparable element of the child's "support"—put another way, 11 U.S.C. § 523(a)(5) should be read as using the term "support" in a realistic manner; the term should not be read so narrowly as to exclude everything bearing on the welfare of the child but the bare paying of bills on the child's behalf.

Since determination of child custody is essential to the child's proper "support," attorney fees incurred and awarded in child custody litigation should likewise be considered as obligations for "support," at least in the absence of clear indication of special circumstances to the contrary. There being no such indications in this matter, the attorney fee of $1,000.00 herein should be treated as "support" and as excepted from discharge pursuant to 11 U.S.C. § 523(a)(5).

The second issue presented to the Court is whether $290.16 garnished from debtor's wages, plus unspecified "garnishment costs and interest," should be allocated to or credited against the $1,000 attorney fee incurred in the custody litigation, or to and against a further $600.00 attorney fee incurred in contempt proceedings for enforcement of obligations to make child support payments. If this Court had determined the $1,000 child-custody fee to be dischargeable, then allocation of the garnished funds would have been quite important. Since the Court has held the $1,000 child-custody fee nondischargeable, and debtor concedes that the $600 contempt fee is also nondischargeable, allocation of the garnished funds becomes less urgent. However, to the extent this issue retains any importance, it appears to the Court that the garnishments were performed in efforts to collect the $1,000 child-custody fee and before the $600 contempt fee had ever been awarded; so there seems no reason why the garnished funds should not be credited against the $1,000 child-custody fee.

The Court concludes that the $1,000.00 attorney fee is excepted from discharge pursuant to 11 U.S.C. § 523(a)(5), and that the $290.16 previously garnished shall be allocated to or credited against said $1,000.00 attorney fee. Judgment shall be entered accordingly. Plaintiffs shall prepare and submit an appropriate form of judgment.

AND IT IS SO ORDERED.