In re Rodney Eugene AUGHENBAUGH, Debtor.

Nita Pate AUGHENBAUGH and Mary L. Taylor, Plaintiffs,

v.

Rodney Eugene AUGHENBAUGH, Defendant.

Bankruptcy No. 89–8855–8P7.
Adv. No. 90–123.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 27, 1990.

Mary L. Taylor, Tampa, Fla., for plaintiffs.

Ronald R. Bidwell, Tampa, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is a Complaint filed by Nita Pate Aughenbaugh, now known as Nita Pate McKnight, and her attorney, Mary L. Taylor (Ms. Taylor), contesting the dischargeability of a debt owed by Ms. McKnight's former husband, Rodney Eugene Aughenbaugh (Debtor), to the Plaintiffs. This liability is based on an award of attorney's fees granted to Mary L. Taylor, who represented the Plaintiff, Nita Pate Aughenbaugh, in the Dissolution of Marriage proceeding. The underlying facts relevant to the issues are basically without dispute and can be summarized as follows.

The Debtor and Ms. McKnight were married on March 12, 1983, and during the course of the marriage, had one child, Hillery, who is presently seven years old. On July 1, 1985, the Debtor and Ms. McKnight separated. In order to resolve the custody issue of Hillery, the Debtor and Ms. McKnight agreed that Hillery's primary residence would be with Ms. McKnight, but that both Ms. McKnight and the Debtor would share parental responsibility for Hillery. The parties also agreed to periodic visitation and some holiday visitation for the Debtor. On January 19, 1988, the Circuit Court for Hillsborough County, Florida, entered its Final Order of Child Custody and Visitation which incorporated the parties' custody and visitation agreement. (Debtor's Exh. No. 2).

On February 16, and March 3, 1988, Ms. McKnight filed a Motion To Tax Costs and/or for Award of Attorney's Fees, Suit Money and Costs Pendente Lite and a Supplement to the Motion, respectively. In her Motion and in the Supplement, Ms. McKnight alleged that she did not have the financial ability to pay attorney's fees incurred by her in connection with various hearings and disputes regarding custody of Hillery. (Plaintiffs' Exh. Nos. 3 and 7).

On March 30, 1988, the Circuit Court entered an Order Awarding Attorney's Fees, Suit Money and Costs Pendente Lite in favor of Ms. McKnight, finding that reasonable attorney's fees incurred by Ms. McKnight through February 29, 1988, to be $35,000.00. Further, the Circuit Court found that the Debtor had a superior ability to pay Ms. McKnight's attorney's fees. (Plaintiffs' Exh. No. 8). Despite these findings, the Circuit Court reserved ruling with respect to the amount, manner and method of payment of attorney's fees to be paid by the Debtor, and provided that it would enter an appropriate award at the conclusion of a final hearing regarding attorney's fees. In the meantime, however, the Circuit Court directed that the sum of $5,400.00 held by the Debtor in an escrow account should be released immediately to Ms. Taylor. It is undisputed that Ms. Taylor did receive the $5,400.00 and applied the

same to the outstanding balance of fees owed to her by the Debtor.

On June 23, 1988, the Circuit Court entered a Final Judgment of Dissolution of Marriage, terminating the marriage of the parties and incorporating by reference the Final Order of Custody and Child Visitation entered on January 19, 1988, and the Property Settlement Agreement entered into between the Debtor and Ms. McKnight on June 16, 1988. (Plaintiff's Exh. No. 9). On January 18, 1989, following a final evidentiary hearing on attorney's fees, the Circuit Court entered its Order requiring the Debtor to pay Ms. McKnight's attorney's fees in the amount of $35,000.00, less the $5,400.00 already received by Ms. Taylor, for a total of $29,600.00, directly to Ms. Taylor and that the Debtor would be permitted to pay this amount in installments of $300.00 per month beginning January 15, 1989, and continuing monthly thereafter. It is clear from the face of the Order and the transcript of the final evidentiary hearing on attorneys fees that the award was based on the fact that the Debtor had a superior ability to pay the attorney's fees and as he had the proven ability to increase his earning ability and capacity. (Plaintiff's Exh. Nos. 9 and 11). It is further undisputed that the attorney's fees were incurred in connection with issues regarding visitation. As stated by the Circuit Court at the evidentiary hearing, "... much of the cost of the litigation incurred [by Ms. McKnight] was due to [the Debtor's] actions, simply in the visitation—the visitation issue and his actions in failing to make timely discovery and otherwise." (Plaintiffs' Exh. No. 11, page 127).

It is undisputed that the Debtor has made certain payments to Ms. Taylor, and that at present the Debtor owes Ms. Taylor the total sum of $28,400.00. It is further undisputed that Ms. Taylor has not collected and will not attempt to collect the amounts owing for attorney's fees from Ms. McKnight, due to her inability to pay. (Debtor's Exh. No. 18).

Based on the foregoing facts, it is the contention of Ms. Taylor and Ms. McKnight that the attorney's fees awarded by the Circuit Court are in the nature of alimony or support and thus, are nondischargeable pursuant to § 523(a)(5) of the Bankruptcy Code.

**§ 523. Exceptions to discharge**

(a) A discharge under 727 ... of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

To accomplish the purpose behind the Bankruptcy Code, that is, to provide the debtor with a fresh start, it is first assumed that a debt resulting from a dissolution of marriage is dischargeable unless the complaining spouse, who bears the burden of proving dischargeability, proves that the obligation under consideration is actually in the nature of alimony, maintenance or support. *Tilley v. Jessee*, 789 F.2d 1074 (4th Cir.1986). Of course, the label placed by the state court on the obligation in dispute is not controlling, as the determination of the character of the obligation is based on federal, not state, law for purposes of determining dischargeability. *In re Harrell*, 754 F.2d 902 (11th Cir.1985); *In re Midnet*, 84 B.R. 776 (Bankr.M.D.Fla. 1988); *In re Hall*, 51 B.R. 1002 (Bankr.Ga. 1985).

It should be noted at the outset that the fact that the attorneys fees are to be paid directly to the attorney, instead of the ex-spouse, is immaterial for nondischargeability purposes. *In re Spong*, 661 F.2d 6 (2nd Cir.1981). Courts are in general

agreement that obligations in the nature of alimony, maintenance or support may include the duty to pay the former spouse's attorney's fees incurred in the divorce proceeding. In most instances, however, those attorney's fees are so directly related to and intertwined with obtaining and enforcing alimony and/or support awards as to be in the nature of alimony or support. *In re Shaw,* 67 B.R. 911, 912 (Bankr.M.D.Fla. 1986); *In re Breen,* 50 B.R. 454 (Bankr. Del.1985); *In re Bell,* 5 B.R. 653 (Bankr.W. D.Okla.1980).

Several courts concluded that if the attorney's fees are incurred in conjunction with litigating an issue sufficiently related to alimony or support, attorney fees earned by counsel are deemed to be within the exceptive provision of the general discharge set forth in § 523(a)(5). For example, in the case of *In re Vazquez,* 84 B.R. 848 (Bankr.S.D.Fla.1988), *aff'd* 92 B.R. 533 (S.D.Fla.1988), the debtor was ordered to pay his ex-wife's attorney's fees incurred in post-dissolution litigation regarding such matters as visitation, custody contempt and child support. The debtor subsequently filed a Chapter 7 petition and when the dischargeability of the attorneys fees was challenged, the bankruptcy court determined that the attorney's fees were so "sufficiently related to child support so as to bring the award of attorney's fees to the plaintiff within the purview of § 523(a)(5) which mandates that child support awards are not dischargeable." *Id.,* at 849. *See also In re Schwartz,* 53 B.R. 407 (S.D. N.Y.1985) [District court found that § 523(a)(5) requires only that the debt fall in one of the three categories of alimony, maintenance or support, not that the fees be incurred litigating only alimony, maintenance or support]; *In re Cowley,* 35 B.R. 520 (D.Ct.Kan.1983), which, of course, is a well established proposition by case law. *Lester v. Lester,* 547 So.2d 1241 (Fla. 4th DCA 1989); *Davis v. Davis,* 547 So.2d 309 (Fla. 4th DCA 1989); *Kuse v. Kuse,* 533 So.2d 828 (Fla. 3d DCA 1988); *In re Shaw, supra.* However, this determination is in no way determinative of the character of the liability represented by the award of attorney fees to a spouse in a dissolution of marriage proceeding. *Fla. Stat.* 61.16.

In the last analysis, the ultimate question is whether or not the attorney fees were awarded to counsel for services rendered by counsel in connection with litigation concerning the spouse's right to alimony, maintenance or child support, or in connection with litigating and enforcing those obligations already imposed on the spouse by the Court. In this present instance, this Court is satisfied that the award to counsel was solely related to litigation involving visitation rights and discovery disputes in connection with the same. There is hardly any doubt that the obligation imposed on a spouse to pay attorney fees for services rendered in connection with litigation involving these issues should not come, and is not within, the exceptive provisions of the general bankruptcy discharge provided by § 523(a)(5). Based on the foregoing, this Court is satisfied that the Plaintiffs have failed to meet their burden of proof as required by 11 U.S.C. § 523(a)(5), therefore, the debt should be determined to be dischargeable.

A separate Final Judgment will be entered in accordance with the foregoing.