In re Kenneth I. STRICKLAND, Debtor.

Kenneth I. STRICKLAND, Plaintiff,

v.

JOHN HUGH SHANNON, P.A. and Lauren J. Strickland, Defendants.

Bankruptcy No. 91–14853–8P7.
Adv. No. 92–522.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 12, 1993.

Matthew J. Kovschak, Bartow, FL, for plaintiff.

Lavinia Lewis Shannon, Lakeland, FL, for defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case and the matter under consideration is a Complaint filed by Kenneth I. Strickland (Debtor) against John Hugh Shannon, P.A. and Lauren J. Strickland (Defendants) in the above captioned adversary proceeding. In this one-count Complaint the Debtor seeks a determination that the debt due and owing by the Debtors to the Defendants is a dischargeable debt, and not within the exception set forth in § 523(a)(5) of the Bankruptcy Code. The facts which are relevant to the resolution of this issue and as appear from the record are as follows:

On January 14, 1985, the Circuit Court for Leon County entered a Final Judgment dissolving the Marriage of the Debtor and Ms. Strickland. The Final Judgment provided for the shared parental responsibility of their minor child, Aubrey, but granted primary physical residence of Aubrey to the Debtor's former spouse. The Final Judgment also required the Debtor to pay $200.00 per month for the support and maintenance of the child.

On May 24, 1989, the Debtor filed a Petition for Modification of Final Judgment and sought a modification of the Final Judgment to provide for a change of the primary custody of Aubrey to the Debtor, and to terminate his obligation to pay child support. The Debtor also sought an Order to require his former spouse to contribute to the support of the child. In connection with this Petition for Modification, the Court-appointed guardian ad litem for Aubrey, conducted extensive psychological evaluations not only of the child but of the Debtor and his ex-spouse. On August 12, 1991, the Court entered an Amended Order referring the dispute to Family Mediation, awarded $9,430.50 as attorney's fees to John Hugh Shannon, P.A., his ex-spouse's attorney for his services rendered to the Debtor's ex-spouse in connection with the child custody litigation. The Order directed the Debtor to pay the amount awarded directly to Mr. Shannon.

On November 15, 1991 the Debtor filed his Petition for Relief under Chapter 7 of the Bankruptcy Code. On July 2, 1992, the Debtor filed his Complaint in which he seeks a determination that the attorneys' fees awarded by the Circuit Court arising from the custody suit are not within the exception to discharge set forth in § 523(a)(5) of the Bankruptcy Code.

The immediate matter under consideration is a Motion for Summary Judgment filed by the Debtor who maintains that there are no genuine issues of material fact and that he is entitled to judgment in his favor as a matter of law. In support of his position, the Debtor points out that the award of attorney's fees by the Circuit Court was not in the nature of support because they are based on legal services rendered by Mr. Shannon in connection with the custody suit and not in connection with the Dissolution of Marriage proceedings or the litigation connected with an award of alimony or child support. In opposition, the Defendants contend that the attorneys' fees awarded are in the nature of support and should be nondischargeable, even though they concede that the services rendered were limited to the child custody litigation.

§ 523(a)(5) provides in pertinent part as follows:

§ 523. Exceptions to Discharge.

(a) A discharge under section 727, 1141, 1228(a), 1228(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

It is generally recognized that attorney fees awarded to a spouse in connection with the dissolution of marriage proceeding are deemed to be in the nature of support, thus nondischargeable by virtue of § 523(a)(5) of the Bankruptcy Code. Most Courts hold that fees which are inextricably intertwined with proceedings affecting the welfare of the child, such as custody and visitation, should also be deemed in the nature of support, *In re Ray*, 143 B.R. 937, 940 (D.Colo.1992), citing *In re Peters*, 133 B.R. 291 (S.D.N.Y. 1991); *In re Vasquez*, 84 B.R. 848 (Bankr. S.D.Fla.) *aff'd* 92 B.R. 533 (S.D.Fla.1988), and thus non-dischargeable by virtue of § 523(a)(5) of the Bankruptcy Code.

However, courts are not in agreement with the treatment of an award of attorney fees for services rendered to a spouse in connection with litigation involving child custody. For instance, there is a line of cases which hold that if the services rendered in connection with child custody are nondischargeable. *In re Adams v. Zentz*, 963 F.2d 197 (8th Cir.1992); *In re Schwartz*, 53 B.R. 407 (Bankr.S.D.N.Y.1985); *In re Schiltz*, 97 B.R. 671 (Bankr.N.D.Ga.1986); *In re Aughenbaugh*, 119 B.R. 861 (Bankr.M.D.Fla.1990); *In re Williams*, 703 F.2d 1055 (8th Cir.1983); *In re Lanza*, 100 B.R. 100 (Bankr.M.D.Fla. 1989). Other courts which have considered this issue have arrived at an opposite conclu-sion. *In re Ray, supra; In re Peters, supra; In re Vasquez, supra; In re Farrell*, 133 B.R. 145 (Bankr.S.D.Ind.1991); *In re Castro*, 74 B.R. 38 (Bankr.M.D.Fla.1987); *In re Poe*, 118 B.R. 809 (Bankr.N.D.Ark.1990); *In re Morris*, 14 B.R. 217 (Bankr.D.Colo.1981); *In re Schmiel*, 94 B.R. 373 (Bankr.E.D.Pa.1988).

In the case of *In re Aughenbaugh, supra*, this Court accepted the better view and held fees awarded in litigation over visitation, or custody, are dischargeable. There is nothing presented in the controversy presently under consideration which is persuasive enough to require a reconsideration of this issue and a departure from this Court's previous finding in the case of *In re Aughenbaugh, supra*.

Having concluded that there are no genuine issues of material fact and that the Debtor is entitled to the resolution of the issues in his favor as a matter of law, this Court is satisfied that the Motion is well taken and should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Debtor, is hereby, granted, and the debt owed by the Debtor to the Defendants is hereby determined to dischargeable pursuant to § 523(a)(5) of the Bankruptcy Code.

DONE AND ORDERED.