JOHN HUGH SHANNON, P.A.,
and Lauren J. Strickland,
Appellants,

v.

Kenneth I. STRICKLAND, Appellee.

No. 93–1393–CIV–T–24(A).

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 12, 1995.

John H. Shannon, P.A., Lakeland, FL, pro se.

John H. Shannon, P.A., Lakeland, FL, for Lauren Strickland.

Matthew J. Kovschak, John F. Laurent, P.A., Bartow, FL, for Kenneth I. Strickland.

## OPINION

BUCKLEW, District Judge.

This Cause is before the Court on Appellants' appeal of the Bankruptcy Court's Order granting Appellee Kenneth Strickland's Motion for Summary Judgement discharging Appellee's debt to the Appellants pursuant to 11 U.S.C. § 523 (Doc. No. 1, filed August 23, 1993). The questioned debt concerns the debtor's ex-wife's attorney's fees arising out of a postdissolution child custody litigation dispute.

### Standard for Bankruptcy Appeal

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a). Bankruptcy Rule 8013 provides that on appeal, the district court may affirm modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact should not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to adjudge the credibility of

witnesses. A finding of fact is clearly erroneous when the reviewing court is "left with the definite conviction that a mistake has been committed." *Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (citing *United States v. United States Gypsum Co.,* 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). The district court must independently determine questions of law or mixed questions of law or fact. A bankruptcy court's conclusions of law are freely reviewable on appeal. *United States v. Mississippi Valley Generating Co.,* 364 U.S. 520, 526, 81 S.Ct. 294, 297, 5 L.Ed.2d 268 (1961).

## Summary of Facts

On January 14, 1985, the Circuit Court for Leon County entered a Final Judgment dissolving the marriage of the Debtor/Appellee Kenneth Strickland and the Appellant Lauren Strickland. This Judgment provided for the shared parental responsibility of the minor child, Aubrey, but granted primary physical residence of Aubrey to Lauren Strickland. The Judgment also required Kenneth Strickland to pay $200.00 per month for the support and maintenance of Aubrey.

On May 24, 1989, Kenneth Strickland filed a Petition for Modification of Final Judgment and sought custody of Aubrey and termination of his child support payments. In connection with this Petition, the court appointed a guardian ad litem for Aubrey, conducted extensive psychological evaluations of Aubrey, Kenneth Strickland and Lauren Strickland. On August 12, 1991, the Court entered an Amended Order referring the dispute to Family Mediation and awarded $9,430.50 as attorney's fees to John Hugh Shannon, P.A., Lauren Strickland's attorney. The Order directed the Debtor to pay the amount awarded directly to Mr. Shannon.[1]

On November 15, 1991, Kenneth Strickland filed his Petition for Relief under Chapter 7 of the Bankruptcy Code. On July 2, 1992, Kenneth Strickland filed his complaint seeking a determination that the attorney's fees awarded by the Circuit Court arising from the custody suit were not within the exception to discharge set forth in 11 U.S.C. § 523(a)(5) of the Bankruptcy Code.

The Bankruptcy Court relying heavily on the reasoning in *In re Aughenbaugh,* 119 B.R. 861 (Bankr.M.D.Fla.1990), held that an obligation to pay attorney's fees arising out of a postdissolution child custody dispute did not constitute "support" under 11 U.S.C. § 523(a)(5). Therefore, the debt was dischargeable.

## Analysis

The issue before this Court is whether attorney's fees relating solely to postdissolution child custody litigation constitute "support" under 11 U.S.C. § 523(a)(5) and therefore create an exception to discharge. Although the parties failed to brief the applicable law on the issue, the Court notes that while the Bankruptcy Court's decision was consistent with the emphasis on the fresh start goal of the Bankruptcy Code, it fails to consider the Congressional Policy favoring enforcement of obligations for spousal and child support. *Wetmore v. Markoe,* 196 U.S. 68, 77, 25 S.Ct. 172, 175–76, 49 L.Ed. 390 (1904); *Shine v. Shine,* 802 F.2d 583, 585–86 (1st Cir.1986); *In re Booch,* 95 B.R. 852 (Bankr.N.D.Ga.1988); *Cain v. Isenhower,* 29 B.R. 591 (Bankr. N.D.Ind.1983).

Section 523(a)(5) of Title 11 U.S.C. enumerates the exceptions to discharge.

## § 523. Exceptions to Discharge

(a) A discharge under 727 ... of this title does not discharge an individual debtor from any debt -

> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement but not to the extent that -

---

1. Specifically, the Order stated, "That the Petitioner, KENNETH I. STRICKLAND, is required to pay the amount of $9,000.00 for the Wife's attorney fees in this action, and the amount of $430.50 for costs, for a total of $9,430.50, for which let execution issue."

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

While the general goal of the Bankruptcy Code is to provide the debtor with a fresh start, this goal must be balanced against the policy favoring the enforcement of obligations for spousal and child support. Nonetheless, a presumption exists that a debt resulting from a dissolution of marriage is dischargeable unless the complaining party, who bears the burden of proving dischargeability, proves that "the obligation under consideration is actually in the nature of alimony, maintenance or support." *In re Aughenbaugh*, 119 B.R. at 863. Furthermore, what constitutes support is determined under the federal bankruptcy laws, not state laws. *In re Lanza*, 100 B.R. 100, 101 (Bankr.M.D.Fla.1989).

 Although this Court is aware of the bankruptcy opinions which suggest that the fees associated with postdissolution child custody litigation do not constitute support and thus are dischargeable,[2] the more persuasive approach defines the term "support" broader. This approach emphasizes the public policy concern of enforcing obligations for spousal and child support. Consequently, fees derived from postdissolution child custody litigation constitute support and thus are non-dischargeable.

In *Matter of Vazquez*, 92 B.R. 533, 535 (S.D.Fla.1988), Lenore C. Nesbitt, United States District Judge for the Southern District of Florida, held that attorney's fees incurred in relation to a visitation dispute constituted support. The court, citing another district court opinion from New York, stated, "[T]he statute requires only that the debt fall in one of [the] three categories . . . , not that it be fees incurred litigating only those issues." *Id.* citing *In re Schwartz*, 53 B.R. 407, 411 (S.D.N.Y.1985). Furthermore, the *Vazquez* court emphasized that public policy favored a broad reading of § 523(a)(5). This Court finds the court's reasoning in *Vazquez* persuasive.

Other cases have also held that debt incurred over child custody disputes constitutes support. In *In re Cowley*, 35 B.R. 520, 525 (D.Kan.1983), the court held that attorney's fees incurred resisting the motion for change of custody were in the nature of support. *See also In re Peters*, 133 B.R. 291, 296 (S.D.N.Y.1991) (holding that child custody disputes affect the child and therefore debt incurred in such litigation constitutes support); *In re Gedeon*, 31 B.R. 942, 945 (Bankr.D.Col.1983) (stating that "it is in the best interests of the children to have custody matters fully and fairly litigated. Insuring this is done is part of the debtor's duty to support his children."); *In re Paulson*, 27 B.R. 330 (Bankr.W.D.Tenn.1983) (ruling that attorney's fees awarded pursuant to Tennessee Statute to debtor's ex-wife for amounts incurred in successfully defending against postdivorce child custody proceedings were support and therefore non-dischargeable).

The most persuasive opinion on the issue is found in *In re Poe*, 118 B.R. 809 (Bankr. N.D.Okl.1990). In *Poe*, the court examined the character of child custody litigation and

---

**2.** A review of bankruptcy opinions from the Tampa division indicates that two rules exists. First, **attorneys' fees** arising out of a final dissolution order are "so entwined with the obligation of support that it can be considered in the nature of support and alimony" and thus excepted from discharge. *In re Hall*, 119 B.R. at 277; *see also Matter of Heverly*, 68 B.R. at 23 (holding that a final judgment in dissolution proceeding requiring husband to pay ex-wife's attorney fees was tied to the obligation to support and therefore was excepted from discharge); *In re Aguero*, 118 B.R. at 875–76 (holding as non-dischargeable debt for legal fees awarded by the State Court and based upon legal services rendered by debt-

or's ex-wife's attorney to enforce child support obligation of husband.) It is important to note the express limitation of this rule. The rule only applies to attorney's fees. If the final judgment requires payment of a guardian ad litem appointed by the dissolution court to represent the interests of the minor child in a custodial dispute, then the fee is not support and therefore is dischargeable. *In re Lanza*, 100 B.R. at 101–02.

The second rule is that any postdissolution litigation fee associated with child custody, visitation rights, or discovery disputes does not constitute support. These fees are dischargeable. *See In re Strickland*, 160 B.R. at 677; ; *In re Aughenbaugh*, 119 B.R. at 864.

concluded that such litigation seeks to determine the best interests of the child. The court stated, "[P]ut another way, 11 U.S.C. § 523(a)(5) should be read as using the term 'support' in a realistic manner; the term should not be read so narrowly as to exclude everything bearing on the welfare of the child but the bare paying of bills on the child's behalf." *Id.* at 812. Thus, the court concluded that support included attorney's fees incurred in child custody litigation.

### Conclusion

A determination of the issue before the Court requires a balancing of the "fresh start" goal of the Bankruptcy Code against the public policy of enforcing obligations for spousal and child support. The Court is not unmindful of the need for emphasis on the fresh start goal. However, this Court finds persuasive the opinions interpreting debt incurred over child custody disputes as support under 11 U.S.C. § 523(a)(5). Therefore, this Court cannot agree with the Bankruptcy Court's view of the dischargeability of attorney's fees arising out of postdissolution child custody litigation.

This Court **holds** that attorney's fees relating to postdissolution child custody litigation which includes child support issues constitute support under 11 U.S.C. § 523(a)(5) and therefore are non-dischargeable in bankruptcy. The Appellee is required to pay the amount of $9,430.50 for the Appellant's attorney's fees and costs. The Bankruptcy Court's Order is reversed and the case remanded for further proceedings in accordance with this opinion.

**DONE AND ORDERED** at Tampa, Florida, this 12 day of September, 1995.