**In re James Randolph HENDRICKS, Debtor.**

**Jack D. Hoogewind, Plaintiff,**

**v.**

**James Randolph Hendricks, Defendant.**

**Bankruptcy No. 98–18666–8G7.
Adversary No. 98–721.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 10, 2000.

James Randolph Hendricks, Lutz, FL, Jamie K. Proctor, Jamie K. Proctor, P.A. Tampa, FL, for Debtor.

Jack Hoogewind, Dade City, FL, for Movant.

Buddy Ford, Tampa, FL, for Defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND MEMORANDUM OPINION

PAUL M. GLENN, Bankruptcy Judge.

**THIS CASE** came before the Court for a final evidentiary hearing to consider the Complaint to Determine the Dischargeability of Debt filed by the Plaintiff, Jack D. Hoogewind. The Plaintiff, an attorney, represented Nora Hendricks (the "former wife") in post-dissolution proceedings with her former husband James Randolph Hendricks (the "Debtor").

The Plaintiff contends that the debt is nondischargeable because the debt is an award of attorney's fees by a state court for services rendered during custody litigation between the parties, and is in the nature of support. The Debtor asserts that the award of attorney's fees cannot be in the nature of support since he provides the primary residence for the minor children and bears the sole financial responsibility for the children. The Debtor also argues that the award was the result of a request by the former wife for sanctions for discovery violations.

A final evidentiary hearing was held on September 29, 1999. Upon the evidence presented, the Court makes the following Findings of Fact and Conclusions of Law.

### Background

James Randolph Hendricks and Nora Hendricks were married on September 24, 1988. During the marriage they had two

children, a daughter born in 1990 and a son born in 1992.

On December 22, 1993, the state court entered a Final Judgment of Dissolution of Marriage. The Final Judgment of Dissolution of Marriage incorporated a Marital Settlement Agreement between the parties which provided that the former wife should be the primary residential parent of the son, that the Debtor should be the primary residential parent of the daughter, and that the Debtor should pay child support in the amount of $50.00 per week to the former wife.

On March 7, 1995, the state court entered an order approving a Joint Stipulation for Modification of Final Judgment. The order stated that the Debtor should provide the primary residential care for both the son and the daughter and terminated the Debtor's obligation to pay child support. In addition, the order declared that the former wife should provide the secondary residential care for the children and should have frequent and continuing contact. The stipulation gave the former wife the right to visitation with the children on alternating weekends, two overnights per week, and certain holidays.

After remarriage and relocating to Orlando, the Debtor filed a Petition for Modification of Final Judgment as Subsequently Modified. In this Petition, the Debtor sought to change the visitation schedule and requested child support payments from the former wife. The former wife, represented by the Plaintiff, filed a Counter–Petition for Modification, seeking custody of the children as well as child support.

The Debtor did not appear for a scheduled mediation, and by Order dated December 22, 1996, the state court rescheduled the mediation and retained jurisdiction to assess any appropriate sanctions.

During the litigation, the Debtor did not comply with discovery requirements, and the former wife filed a Motion to Compel or For Sanctions. As one of the sanctions, the former wife requested the award of attorney fees and costs. By Order dated July 14, 1997, the state court granted the motion to compel and retained jurisdiction to award attorney's fees and costs in bringing the motion.

On August 22, 1997, the state court dismissed the Debtor's Petition for Modification.

On December 12, 1997, after a hearing on the former wife's Counter–Petition for Modification, the state court entered its Order Modifying Final Judgment. In this Order, the state court denied the former wife's request for custody of the minor children, but modified the prior agreement and provided that the former wife would have visitation with children for two consecutive nights weekly and four consecutive weeks during the summers. Also in this Order, the state court retained jurisdiction "to award Nora Hendricks attorney's fees and costs per prior court order in this case, and for all other services rendered in this matter."

The former wife then filed a Motion for Attorney's Fees, requesting that the state court require the former husband to pay her attorneys's fees and costs in the amount of $4,697.22. The former wife alleged both: (1) that "[t]he Former Husband previously testified at the final hearing that he will be earning $800.00—$1,000.00 per week. The Former Wife earns far less." and (2) that "[t]he Court previously reserved jurisdiction to award attorney's fees to the Former Wife for the Husband's discovery violation."

On December 29, 1997, the state court entered its Order Granting Former Wife's Motion for Attorney's Fees. In this Order, the state court: (1) found that the fees and costs of $4,697.22 were reasonable; (2) found that "the Former Husband has the financial ability to make a contribution towards the Former Wife's total attorney's fees and costs by paying $2,350.00, within a reasonable time;" (3) ordered the former

husband to pay the amount of $2,350.00 to the Plaintiff; and (4) found that "this award of attorney's fees/costs pertains to a case where the only issues were child custody, child support and visitation." The state court did not describe the fee award as a sanction, or even refer to the request for sanctions.

Finally, the Plaintiff notes that $50.00 of debt has been paid, and that the amount remaining due pursuant to the Order is $2,300.00

## Discussion

The Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on October 26, 1998.

The Plaintiff timely filed this adversary complaint to except the attorney fees and costs from the Debtor's Chapter 7 discharge. Although the complaint states that it is filed pursuant to Section 523(c) of the Bankruptcy Code, the parties acknowledged early in the litigation that the Plaintiff was pursuing a determination of the dischargeability of the debt pursuant to § 523(a)(5).

The Court has jurisdiction over the parties and the subject matter pursuant to the provisions of the United States Bankruptcy Code, 28 U.S.C. Section 1334, and 28 U.S.C. Section 157(a). This is a core proceeding as defined by 28 U.S.C. Section 157(b)(2)(I).

■ It is well established that "the primary purpose of bankruptcy law is to relieve the debtor's burden of indebtedness and to provide him with a fresh start." *In re Campbell*, 74 B.R. 805, 808 (Bankr.M.D.Fla.1987), citing *Perez v. Campbell*, 402 U.S. 637, 638, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971). To accomplish this fresh start for the debtor, Congress limited the exceptions to discharge. The exceptions to discharge are provided in Section 523 of the Bankruptcy Code, and courts, acknowledging the intent of Congress to provide a fresh start, narrowly construe the limited exceptions to discharge. *Lines v. Frederick*, 400 U.S. 18, 20, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970). However, in balancing the fresh start with continued obligations for the debtor, Congress considered the interest of the debtor in a fresh start against the interest of the public in the security of the family, and resolved this issue in favor of the family. *In re Harrell*, 754 F.2d 902, 906 n. 6 (11th Cir.1985).

■ Nevertheless, even with obligations arising from the dissolution of marriage, there is a presumption that the debts are dischargeable. *In re Aughenbaugh*, 119 B.R. 861, 863 (Bankr.M.D.Fla. 1990), citing *Tilley v. Jessee*, 789 F.2d 1074 (4th Cir.1986). Also, the party objecting to discharge has the burden of proof by a preponderance of the evidence. *See, Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

In the Bankruptcy Code, Section 523(a)(5) excepts from the Chapter 7 discharge any debt to a former spouse or child of the debtor for alimony, maintenance, or support in connection with a divorce decree or other order of a court of record:

**11 U.S.C. Section 523. Exceptions to discharge**

(a) A discharge under 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

.    .    .    .    .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

.    .    .    .    .

(B) such debt includes a liability designated as alimony, maintenance,

or support, unless such liability is actually in the nature of alimony, maintenance, or support.

■ Although Section 523(a)(5) explicitly excepts from discharge any debt "to a spouse, former spouse, or child of the debtor," the fact that an award of attorney's fees is payable directly to the attorney rather than the former spouse is immaterial for dischargeability purposes. *In re Wester*, 187 B.R. 358, 360 (Bankr. M.D.Fla.1995), citing *In re Aughenbaugh*, 119 B.R. 861, 863 (Bankr.M.D.Fla.1990). *See, In re Spong*, 661 F.2d 6 (2d Cir.1981). Additionally, it should be noted that Fla. Stat. § 61.16(1) provides that: "... the court may order that the amount be paid directly to the attorney, who may enforce the order in that attorney's name." The fact that the fees may be payable to and enforceable by the attorney "... is simply an enforcement provision collateral to the party's underlying right to an award of fees to be paid by the other party." *In re Lapsley*, 230 B.R. 633, 636 (Bankr. M.D.Fla.1999).

■ Whether an award of attorney's fees and costs incurred during a dissolution or post-dissolution proceeding is actually in the nature of support within the meaning of Section 523(a)(5) of the Bankruptcy Code is a matter of federal law, not state law. *In re Harrell*, 754 F.2d 902 (11th Cir.1985). The court in *Harrell* concluded that Congress intended the bankruptcy court to make only a simple inquiry into the issue of whether the obligation can be "legitimately characterized as support." *Id.* at 906. State law may provide guidance to the Court in determining whether the obligation of the debtor is actually support. *In re Strickland*, 90 F.3d 444, 446 (11th Cir.1996), citing *In re Jones*, 9 F.3d 878, 880 (10th Cir.1993).

In *Strickland*, the Eleventh Circuit Court of Appeals considered Florida Statutes Section 61.16, the statutory authority in Florida for the award of attorney fees and costs incurred during dissolution or post-dissolution proceedings, in determining whether the debtor's obligation to the Plaintiff was actually in the nature of support. In relevant part, the section states:

**61.16 Attorney's fees, suit money, and costs.—**

(1) The court may from time to time, *after considering the financial resources of both parties,* order a party to pay a reasonable amount for attorney fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals.

Fla. Stat. § 61.16(1) (1996)(Emphasis supplied).

In this case, the Plaintiff asserts that the award for attorney's fees and costs incurred by the former wife in a post-dissolution custody proceeding is support and thus non-dischargeable.

The Debtor, however, first contends that the award is not in the nature of support because he pays no support to the former wife, but rather provides the primary residential care and all support for the minor children. Second, the Debtor asserts that, because the award came pursuant to a Motion for Attorney Fees that related back to a Motion to Compel or For Sanctions, the award is actually a sanction for discovery violations and cannot be legitimately characterized as support.

Addressing the Debtor's second assertion first, it is clear from the state court's Order that the fees and costs were not awarded as a sanction for the discovery violations. In the Order awarding the fees, the state court never mentions that the fees are awarded as a sanction. The state court specifically finds that the former husband has the financial ability to make a contribution of $2,350.00 towards the total amount of the fees and costs, and finds that the award pertains to a case where the only issues were child custody, child support and visitation. The assertion that the award is a sanction is without merit.

The issue in this case is whether the award of fees to the former wife's attorney is an award in the nature of support in the post-dissolution custody action, even though the Debtor owes no support or alimony to the former wife.

The question of the dischargeability of an award of attorney's fees to a former spouse in dissolution and post-dissolution proceedings has generated much litigation.

It is well established that an award of attorney's fees incurred in a dissolution or post-dissolution proceeding is nondischargeable if the proceeding is inextricably intertwined or directly related to alimony or support. *See,* for example, *In re Patrick,* 106 B.R. 743 (Bankr.S.D.Fla.1989); *In re Pollock,* 90 B.R. 747 (Bankr.E.D.Pa. 1988); *In re Bell,* 61 B.R. 171 (Bankr. S.D.Tex.1986); *In re Morris,* 14 B.R. 217 (Bankr.D.Colo.1981); *In re Whitehurst,* 10 B.R. 229 (Bankr.M.D.Fla.1981); *In re Shaw,* 67 B.R. 911 (Bankr.M.D.Fla.1986).

Courts have differed, however, when the award of attorney's fees relates to a post-dissolution proceeding involving custody. Some courts have found that the award can be characterized as support, while other courts have not reached this conclusion.

A majority of courts have held that an award of attorney fees incurred in a custody proceeding is nondischargeable. *See,* for example, *In re Ray,* 143 B.R. 937 (Bankr.D.Col.1992); *In re Schwartz,* 53 B.R. 407 (Bankr.S.D.N.Y.1985); *In re Jones,* 9 F.3d 878 (10th Cir.1993); *In re Catlow,* 663 F.2d 960 (9th Cir.1981). Some courts reason that the proceeding affects the welfare of the child and is thus in the nature of support of the child. *In re Jones,* 9 F.3d at 881, citing *In re Poe,* 118 B.R. 809, 812 (Bankr.N.D.Okla.1990). Other courts reason that attorney's fees awarded to a former spouse, even fees incurred during a custody proceeding, are support of the former spouse. *In re Catlow,* 663 F.2d at 962.

A minority of courts holds that awards to attorneys for services rendered in connection with custody proceedings are dischargeable. *See, Adams v. Zentz,* 963 F.2d 197; *In re Trichon,* 11 B.R. 658; *In re Lanza,* 100 B.R. 100 (Bankr.M.D.Fla. 1989); *In re Garcia,* 174 B.R. 529 (Bankr. W.D.Mo.1994). One rationale is based on the plain language of Section 523(a)(5) and relies on the admonition of the United States Supreme Court to enforce the statutory language of the Bankruptcy Code. *In re Garcia,* 174 B.R. at 531("Because the award in this case was 'to' the attorney, not the spouse, the debt is dischargeable."). Another rationale is that an award of attorney fees incurred in connection with a custody proceeding is simply not an obligation connected with alimony, support, or maintenance as contemplated by Section 523(a)(5). *In re Lanza,* 100 B.R. at 101.

With this background, courts in the Eleventh Circuit considered the case of *In re Strickland,* 160 B.R. 675 (Bankr. M.D.Fla.1993), reversed by the District Court at 207 B.R. 752 (M.D.Fla.1995), which reversal was affirmed by the Eleventh Circuit Court of Appeals at 90 F.3d 444 (11th Cir.1996). In the dissolution of the Strickland's marriage, the debtor's former spouse was granted custody of the minor child as well as child support. Sometime later the debtor filed a petition for custody of the child, for termination of child support, and for an award of child support payments from the former spouse. The state court denied the debtor's petition and ordered the debtor to pay the attorney's fees incurred by the former spouse in the custody dispute. After filing for bankruptcy, the debtor requested a determination of the dischargeability of the award of attorney fees. The bankruptcy court determined that the debt was dischargeable, after ruling, as a matter of law, that the obligation for attorney fees from a custody dispute did not constitute support under Section 523(a)(5). *In re Strickland,* 160 B.R. 675, 677 (Bankr. M.D.Fla.1993), *rev'd,* 207 B.R. 752

(M.D.Fla.1995), *aff'd,* 90 F.3d 444 (11th Cir.1996).

On appeal, the United States District Court for the Middle District of Florida reversed the Bankruptcy Court. *In re Strickland,* 207 B.R. 752 (M.D.Fla.1995), *rev'g,* 160 B.R. 675, *aff'd,* 90 F.3d 444 (11th Cir.1996). The District Court noted the cases which suggest that the fees associated with post-dissolution custody litigation do not constitute support, but concluded that the more persuasive approach considers the concept of support more broadly. The broader approach emphasizes the public policy concerns of enforcing obligations for spousal and child support. The District Court noted that the statute providing for the exception from discharge requires only that the debt fall into one of the three categories of alimony, maintenance, or support, not that the it be fees incurred litigating only those issues. The District Court concluded that support includes attorney's fees incurred in child custody litigation.

The Eleventh Circuit Court of Appeals affirmed the decision of the District Court. *In re Strickland,* 90 F.3d 444 (11th Cir. 1996), *aff'g,* 207 B.R. 752 (M.D.Fla.1995), *rev'g,* 160 B.R. 675 (Bankr.M.D.Fla.1993). Citing Florida Statutes § 61.16(1) (1993) and *Hyatt v. Hyatt,* 672 So.2d 74, 76 (Fla. Dist.Ct.App.1996), the Eleventh Circuit noted that: "Under Florida law, a former spouse is entitled to an award of attorney fees in a modification action such as the one filed here based on relative need and ability to pay." *Id.* 90 F.3d at 446–447. On this basis, the Court found that the award of attorney's fees could "legitimately be characterized as support" and therefore nondischargeable. *Id.* at 447, citing *In re Harrell,* 754 F.2d at 906. The basis of the determination in *Strickland* is the consideration by the state court of the ability of one party to pay the fee and the need of the other party to have the fee paid.

In light of the foregoing, we hold that an attorney fees award arising from a post-dissolution custody action constitutes "support" for the former spouse under 11 U.S.C. § 523(a)(5) where, as here, the award is based on ability to pay. In the absence of special circumstances showing otherwise from the record in the underlying proceedings, the district court properly determined that the debt in this case is not dischargeable. *Id.* at 447.

### Application

In the instant case, the post-dissolution petition filed by the Debtor sought to change the visitation schedule and to obtain support payments from the former wife, and the counter-petition filed by the former wife sought custody of the children and support payments from the Debtor. The state court dismissed the Debtor's petition. The former wife's request for custody was denied, but the state court modified the visitation. The state court also ordered the Debtor to contribute to the attorney's fees incurred by the former wife in the post-dissolution proceedings. Thus, this case is similar to *Strickland* in that each proceeding concerned custody issues and each court ordered the debtor to pay or contribute to attorney fees incurred by the former wife.

However, in this case it is the Debtor who provides the primary residential care for both minor children, rather than the former wife as in *Strickland.* Additionally, unlike the debtor in *Strickland,* the Debtor in this case pays no support to the former wife but instead bears the sole financial responsibility for the children. Thus, there are distinguishing features in this case. Based on these distinctions, the Debtor asserts that the obligation to contribute to the attorney's fees incurred by the former wife in the custody proceeding is not in the nature of support.

The distinctions asserted by the Debtor do not take this case beyond the analysis of the Eleventh Circuit in *Strickland,* however. In this case, the state court specifically found that the Debtor had the finan-

cial ability to make the contribution toward the attorney's fees incurred by the former wife. The state court also found that the award of attorney fees pertained to a case where the only issues were child custody, child support, and visitation, thus bringing the Order within Section 61.16, Florida Statutes. Accordingly, based on the reasoning in *Strickland,* the Court concludes that the attorney's fees and costs owed by the Debtor to the Plaintiff are support and are excepted from discharge pursuant to § 523(a)(5).

### Conclusion

For the reasons stated, the Court concludes that the debt owed by the Debtor to the Plaintiff is excepted from discharge pursuant to 28 U.S.C. § 523(a)(5).

A separate Final Judgment consistent with this memorandum opinion will be entered by the Court.