In re Bruce G. BOLZLE, Debtor.

Vivian S. NEMEC, Plaintiff,

v.

Bruce BOLZLE, Defendant.

Bankruptcy No. 93–01626–W.
Adv. No. 93–0182–W.

United States Bankruptcy Court,
N.D. Oklahoma.

Sept. 13, 1993.

**854**

Steve M. Harris and Douglas R. Haughey, Tulsa, OK, for plaintiff.

George W. Owens and Randall E. Rose, Tulsa, OK, for defendant.

### ORDER GRANTING "MOTION FOR SUMMARY JUDGMENT"

MICKEY DAN WILSON, Chief Judge.

Plaintiff Vivian S. Nemec ("Nemec") brought her complaint commencing this adversary proceeding against defendant Bruce Bolzle ("Bolzle"), seeking exception to discharge under 11 U.S.C. § 523(a)(2)(A). That statute excepts from discharge "any debt ... for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by ... false pretenses, a false representation, or actual fraud ..." On September 1, 1993, Nemec filed her "Motion for Summary Judgment" and a "Brief in Support ..." thereof.

Nemec had previously sued Bolzle in the District Court for Tulsa County, State of Oklahoma ("State court"). Nemec sued Bolzle in State court on two counts. One count was against Bolzle alone for $7,043.78 owed on a note. The other count was for actual damages of $67,007 and punitive damages of $100,000, against Bolzle and one Kenneth Klein ("Klein"), for "fraud and deception" in investments. After jury trial, Nemec was awarded actual damages of $35,000, punitive damages of $8,000, attorney fees of $10,711.83, and costs of $2,195.60.

Nemec moves for summary judgment in this Court on the basis of the jury verdict and judgment in the prior action in State court. According to Nemec, the jury verdict in the State court action suffices to establish that Bolzle is guilty of "false pretenses, a false representation, or actual fraud" for purposes of 11 U.S.C. § 523(a)(2)(A); that such prior determination in State court precludes relitigation of these matters in this Court; and that accordingly, Bolzle's debt to Nemec for fraud must be excepted from discharge under 11 U.S.C. § 523(a)(2)(A) as a matter of law. In his answer to Nemec's complaint, Bolzle asserts that the State court verdict and judgment is not for fraud but for "breach of contract."

■ Nemec sued Bolzle on two counts. Damages awarded greatly exceed the amount sought by Nemec under her count for indebtedness on a note, but are well within the amount sought by Nemec under her count for fraud and deception. Therefore such damages cannot be for "breach of contract" or indebtedness on the note, but must be for fraud and deception.

■ Collateral estoppel or issue preclusion applies in actions for exception to discharge, *Grogan v. Garner,* 498 U.S. 279, 284–85, 111 S.Ct. 654, 658, 112 L.Ed.2d 755, 763 (1991).

Regarding "fraud," the jury in the State court action was instructed as follows:

> You are instructed that fraud is never presumed, but must be proven by clear, satisfactory and convincing evidence by the party alleging it. Fraud is the opposite of good faith, and the existence or

non-existence of good faith, if established by evidence, can prove fraud. All the facts and circumstances surrounding the challenged act or actions are to be taken into consideration in determining whether it is fraudulent,

motion exhibit B instruc. # 9.

Regarding "deception" or "deceit," the jury in the State court action was instructed as follows:

In order for the plaintiff ... Nemec ... to recover from the defendant ... Bolzle on her claim of deceit, you must find that all of the following have been established:

1. That defendant ... Bolzle made a material representation;

2. That it was false;

3. That defendant ... Bolzle made it when he knew it was false, or made it as a positive assertion recklessly, without any knowledge of its truth;

4. That defendant ... Bolzle made it with the intention that it should be acted upon by plaintiff ... Nemec;

5. That plaintiff ... Nemec ... acted in reliance upon it; and

6. That plaintiff ... Nemec ... thereby suffered injury,

motion exhibit B instruc. # 10. A similar instruction was given as to Klein, motion exhibit B instruction # 11.

■ To award punitive damages and actual damages in excess of the amount due on the note against Bolzle, the State court jury must have found Bolzle guilty of "deceit" in accordance with instruction # 10. To do so, the jury must have found that Bolzle made a material misrepresentation; that it was false; that Bolzle made it when he knew it was false, or made it as a positive assertion recklessly, without any knowledge of its truth; that Bolzle made it with the intention that it should be acted upon by Nemec; that Nemec acted in reliance on it; and that Nemec thereby suffered injury. These findings in State court preclude relitigation of such matters in this Court. The question remains whether the facts found in State court suffice to estab-

lish exception to discharge under 11 U.S.C. § 523(a)(2)(A).

■ Exception to discharge under 11 U.S.C. § 523(a)(2)(A) is established by proving the following:

... the debtor made a false representation or willful misrepresentation; the representation was made with the intent to deceive the creditor; the creditor relied on the representation; the creditor's reliance was reasonable; and the creditor sustained a loss as a result of the debtor's representation,

*In re Mullet,* 817 F.2d 677, 680 (10th Cir. 1987). These elements are similar, but not quite identical, to the elements of "deceit" recited in jury instruction # 10. This Court must determine whether the distinction makes any difference.

Despite the distinction in form, the first two elements of *In re Mullet's* recitation ("the debtor made a false representation or willful misrepresentation; the representation was made with the intent to deceive the creditor") are substantially equivalent to the first four elements of jury instruction # 10's recitation ("... defendant ... made a material representation; ... it was false; ... defendant ... made it when he knew it was false, or made it as a positive assertion recklessly, without any knowledge of its truth; ... defendant ... made it with the intention that it should be acted upon by plaintiff ...").

The third element of *In re Mullet's* recitation ("the creditor relied on the representation") appears equivalent to the fifth element of jury instruction # 10 ("... plaintiff ... acted in reliance upon it"). The fourth element of *In re Mullet's* recitation ("the creditor's reliance was reasonable") appears to have no counterpart in jury instruction # 10. However, "reasonable reliance" for purposes of 11 U.S.C. § 523(a)(2)(A) is not so much a separate requirement as a component or qualification of the previous requirement of actual reliance—i.e., it is necessary only that there be such reliance as it is reasonable to believe is actual, *In re Culp,* 140 B.R. 1005, 1010–1013 (B.C., N.D.Okl.1992). Accordingly, the third and fourth elements of *In*

*re Mullet's* recitation are substantially equivalent to the fifth element of jury instruction # 10.

The last element of *In re Mullet's* recitation ("the creditor sustained a loss as a result of the debtor's representation") is substantially equivalent to the last element of jury instruction # 10 ("... plaintiff ... thereby suffered injury").

It follows that the jury's findings in State court suffice to establish exception to discharge under 11 U.S.C. § 523(a)(2)(A) in this Court as a matter of law; and that relitigation of such matters in this Court is precluded under the doctrine of collateral estoppel.

 Punitive damages are excepted from discharge under 11 U.S.C. § 523(a)(2)(A) along with actual damages, *In re Manley*, 135 B.R. 137, 145 (B.C., N.D.Okl.1992). As a rule, "attorney fees ... generally take on the character of the litigation in which they were incurred," at least absent "such extraordinary circumstances as might take the matter out of the general rule," *In re Poe*, 118 B.R. 809, 811 (B.C., N.D.Okl.1990). In the present instance, there is nothing to show that any part of Nemec's $10,711.83 in attorney fees was not incurred in the litigation in which she won damages against Bolzle for fraud. Therefore, Nemec's attorney fees take on the character of damages for fraud, and are likewise nondischargeable. The same is true of Nemec's $2,195.60 in costs.

Accordingly, Nemec's "Motion for Summary Judgment" must be, and the same is hereby, granted. Judgment for Nemec shall be entered in conformance herewith. Nemec shall prepare and submit an appropriate form of judgment.

AND IT IS SO ORDERED.