In re Robin LAING, Debtor.

Stephen D. WALKER, Plaintiff,

v.

Robin LAING, Defendant.

Frederick M. KELLERMAN, Jr., Plaintiff,

v.

Robin LAING, Defendant.

Bankruptcy No. 7–94–02546–7.
Adv. Nos. 7–95–00014, 7–95–00017.

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

Oct. 5, 1995.

Frederick M. Kellerman, Jr., Blacksburg, VA, pro se.

Donald B. Irons, Blacksburg, VA, for Stephen D. Walker.

K. Robin Laing, Blacksburg, VA, pro se.

## DECISION AND ORDER

ROSS W. KRUMM, Chief Judge.

The above-captioned adversary proceedings are before the court on a stipulation of facts filed by the parties to the proceeding, oral argument in Roanoke, Virginia, on September 12, 1995, and the written memoranda of authority filed by each party in support of their respective positions. The issue is the dischargeability of indebtedness of the debtor, K. Robin Laing (herein Laing) under 11 U.S.C. § 523(a)(5). The plaintiff, Stephen D. Walker (herein Walker), seeks to have the sum of $3,144.50 declared to be a nondischargeable debt, which sum represents one-half (½) of the fees for psychological testing, evaluation, and treatment of two of the children of Walker and Laing in connection with a proceeding in the Circuit Court of Montgomery County for custody of the two children. The other plaintiff, Frederick M. Kellerman, Jr., Esquire (herein Kellerman), was the duly appointment guardian *ad litem* for the children in the circuit court proceeding and fees were allowed to him by the Circuit Court of Montgomery County in the amount of $2,974.62. The court has considered the pleadings in this case, all of the documents which were stipulated by the parties and submitted, the memoranda of authority submitted by the parties, and their oral arguments. For the reasons stated in this deci-

sion and order, the court finds that the claims of both Walker and Kellerman against Laing in the above-captioned adversary proceedings are nondischargeable under 11 U.S.C. § 523(a)(5).

### Facts:

The facts in this case are not in dispute. Walker and Laing engaged in a custody suit in the Circuit Court of Montgomery County in 1993 and 1994 over custody of two of their three children. In connection with that custody proceeding, the court appointed Kellerman as the guardian *ad litem* of the two children. The court authorized the retention of a psychologist for purposes of evaluating where the children should reside. In addition, the children received treatment during the custody proceeding. By decree of July 27, 1994, the Circuit Court of Montgomery County stated: "Guardian *ad litem* fees, costs of psychological testing, evaluation and treatment are to be split *evenly* between the parties." Thereafter, the Circuit Court of Montgomery County entered a final decree on August 25, 1994, granting custody of the two children to Walker. In that decree, the circuit court incorporated its July 27, 1994 decree.

### Positions of the Parties:

Kellerman and Walker take the position that the guardian *ad litem* fees and the fees incurred for psychological testing, evaluation and treatment are in the nature of support for the two minor children of Walker and Laing and are, therefore, nondischargeable under 11 U.S.C. § 523(a)(5). On the other hand, Laing takes the position that the sums involved represent a division of property between the parties which is dischargeable.

### Law and Discussion:

■ The controlling statute in this case is 11 U.S.C. § 523(a)(5) which states:

(a) A discharge under section 727, ... does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child in connection with a separation agreement, divorce decree or other order of a court of record. . . .

In analyzing the facts of this case and the record before this court of the proceedings in the Circuit Court of Montgomery County, it is clear that the only matter considered by the state circuit court was custody of the two minor children of Walker and Laing. The divorce between Walker and Laing was completed and closed well before institution of custody proceedings by Walker. The record in the state court proceeding which this court has reviewed upon the stipulation of the parties is devoid of any mention of property settlement between the parties. The entire focus was as stated by the court on page 12, line 16 of the transcript of the July 15, 1993 proceeding: "I want to see what's for the best interests of the children." On July 13, 1994, another hearing was held by the court on the custody issue. In connection with various rulings from the bench at the hearing, the parties sought a determination from the court as to the financial responsibility for guardian *ad litem*, and fees for psychological testing, evaluations and treatment. The court stated that these items were to be paid "50/50 down the board ... They tell me that's the modern law. And I'm going to follow the modern law." It is clear from the record of the case that the sole focus of the proceedings and the sole focus of the court in rendering decisions was the issue of custody and what would be in the best interests of the children. Therefore, Laing's argument that the fees for the services rendered by the guardian *ad litem* and the psychologist are in the nature of a property settlement is without merit.

There is a question about the application of 11 U.S.C. § 523(a)(5) to the facts of this case because the indebtedness owed by Laing, as the debtor, is not owed to the spouse or former spouse, Walker. Instead, the indebtedness is payable to Kellerman as guardian *ad litem* and to the psychologist who rendered the services. A plain meaning interpretation of the statutory language would seem to indicate that the indebtedness should be dischargeable on the ground that it is not owed to a spouse, former spouse, or the child. However, several courts have held that it is

not the identity of the payee that determines dischargeability but the nature of the debt owed. *See, In re Spong,* 661 F.2d 6, 9–10 (2nd Cir.1981). The Tenth Circuit has recently been called upon to determine whether or not fees for debts owed to a guardian *ad litem* and debts owed for psychologists are nondischargeable under section 523(a)(5). In deciding that these kinds of debts are nondischargeable, the Tenth Circuit states:

> Indeed, debts to a guardian ad litem, who is specifically charged with representing the child's best interest, and a psychologist hired to evaluate the family in child custody proceedings, can be said to relate just as directly to the support of the child as attorney's fees incurred by the parents in a custody proceeding.

*Miller v. Gentry,* 55 F.3d 1487, 1490 (10th Cir.1995).

■ This court will follow the reasoning and decision in the *Miller* decision. To do otherwise, would exalt form over substance. In addition, this court believes that the debt in this case is a debt owed to the child. The expenses were incurred solely for the benefit of the child. In addition, the orders of the Circuit Court of Montgomery County only determined that Walker and Laing were to split guardian *ad litem* fees and psychologist's fees fifty/fifty. The court's sole focus was on the best interest of the children. Necessarily, the court determined that the parents who were engaging in the custody battle owed a duty to their children to provide psychological testing and protection during the course of the parents litigation as to custody of the children. This court holds that in proceedings involving custody of children, the court ordered fees for services of a guardian *ad litem* and for psychologists retained for psychological testing, evaluation, and treatment are debts of the parents to their children for purposes of discharge under 11 U.S.C. § 523(a)(5) unless there is a clear finding of fact and ruling of law in the state court proceedings to the contrary.

For the reasons stated in this decision and order it is

ORDERED:

That the indebtedness of K. Robin Laing to Frederick M. Kellerman, Esquire, in the amount of $2,974.62, and the indebtedness of K. Robin Laing in the amount of $3,144.50 for psychologist's fees, which fees have been paid by Stephen D. Walker, be, and they hereby are declared to be NONDISCHARGEABLE under 11 U.S.C. § 523(a)(5), and it is

FURTHER ORDERED:

That judgment is hereby GRANTED to Frederick M. Kellerman, Esquire, against K. Robin Laing in the amount of $2,974.62, and it is

FURTHER ORDERED:

That judgment is hereby GRANTED to Stephen D. Walker against K. Robin Laing in the amount of $3,144.50, representing Laing's obligation under the order of the Circuit Court of Montgomery County to pay one-half (½) of the psychologist's fees.