In re Evelyn Booth **BLAEMIRE**, Debtor.

**Thomas P. Sinton, Plaintiff,**

v.

**Evelyn Booth Blaemire, Defendant.**

Bankruptcy No. 97–2–4480–PM.

Adversary No. 98–1–AP260–PM.

United States Bankruptcy Court,
D. Maryland,
at Greenbelt.

Jan. 26, 1999.

**8.** *Lewandowski* is on appeal to the District Court for the Western District of Pennsylvania. *See* CA 98–1016.

**666**

Gary A. Rosen, Rockville, MD, for defendant.

Stephen K. Carper, Frederick, MD, for plaintiff.

Steven H. Greenfeld, Washington, DC, Chapter 7 Trustee.

## AMENDED MEMORANDUM OF DECISION

PAUL MANNES, Chief Judge.

Thomas P. Sinton filed a Complaint for Declaratory Judgment seeking judgment that the payment due him as attorney for the minor children of the debtor, Evelyn B. Blaemire, and Michael G. Blaemire is not discharged by virtue of debtor's Chapter 7 discharge entered April 6, 1998, and is non-dischargeable by virtue of 11 U.S.C. § 523(a)(5).

Prior to the filing of her bankruptcy case under Chapter 7, the debtor and her former husband, Michael G. Blaemire, were involved in litigation involving issues of custody and child support in the Circuit Court for Frederick County, Maryland. On or about November 10, 1994, the Circuit Court appointed the plaintiff, Thomas P. Sinton, to represent the minor children of the parties, Valerie Blaemire and Ian Blaemire. The appointment was made under MD CODE ANN., FAM. LAW § 1–202 (1991), that authorizes the appointment of counsel for minor children of the parties whenever custody, visitation, or the amount of support of a minor child is contested. Prior to the filing of debtor's bankruptcy case under Chapter 7 on December 19, 1997, the Circuit Court for Frederick County, Maryland, passed the order, entered August 22, 1997, in an action entitled *Michael G. Blaemire, Plaintiff vs. Evelyn Booth Blaemire, Defendant,* Case No. 94–1868–CV, that provided:

### ORDER

Upon the aforegoing Petition for Attorney's Fees and response of Plaintiff, Defendant having filed no response, it is this 20th day of August, 1997, by the Circuit Court for Frederick County, Maryland

ORDERED, That a Judgment be entered in favor of Thomas P. Sinton and Doherty, Nicklas & Prete, P.A. against the parties and that Michael G. Blaemire and Evelyn B. Blaemire shall be jointly and severally liable to Thomas P. Sinton, attorney for the minor children, for the sum of Nine thousand Nine hundred forty-seven $^{49}/_{100}$ Dollars ($9947.49); and it is further

ORDERED, That the foregoing Judgment is entered in favor of Thomas P. Sinton and Doherty, Nicklas & Prete, P.A. for services rendered in the nature of child support to the minor children of the parties in connection with the above captioned custody proceeding; and it is further

ORDERED, That between the parties, Plaintiff, Michael G. Blaemire pay $4973.75

and Defendant, Evelyn Blaemire, shall pay $4973.44; and it is further

ORDERED, That the obligation represented by the judgment entered herein is intended to be non-dischargeable under the provisions of 11 U.S.C. § 523(A)(5) as being in the nature of child support necessary for the support of the minor child of the parties.

Plaintiff filed a Motion for Summary Judgment. Defendant responded. There are no disputed issues of material fact. Thus, summary judgment may be granted in favor of either the plaintiff or the non-moving defendant. *Lowenschuss v. Kane*, 520 F.2d 255, 261–62 (C.A.2 1975); *Clark v. United States*, 630 F.Supp. 101, 103 (D.Md.1986); C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure*, § 27.20, p. 347 (1998).

At issue is whether the debt due plaintiff is an exception to debtor's discharge by virtue of 11 U.S.C. § 523(a)(5) that provides:

§ 523. **Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 408(a)(3) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

Defendant urges that her debt to Sinton is not within the above exception to her discharge because the obligation is not due directly to the debtor's minor children and also because if she "does not pay her portion of the debt, the husband and child [sic] would not be liable for that portion."

■ In individual cases, a central purpose of bankruptcy is to provide a process by which insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt, or put another way, bankruptcy is a means to afford a fresh start to an "honest but unfortunate debtor." *Grogan v. Garner*, 498 U.S. 279, 286–87, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *accord Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). Generally speaking, a discharge of a debtor in a case filed under Chapter 7 releases the debtor from the legal obligation to repay nearly all debts that arose before the date of the order for relief.

■ The strong policy in favor of a "fresh start" does not extend to every type of debt. In certain limited circumstances, the debtor's interest in a fresh start yields to considerations of public policy or to the needs of certain classes of creditors that Congress concluded outweigh debtor's needs for a fresh start. Compare the provisions of § 523(a)(5), set out above, with the provisions of § 523(a)(9) that except from the Chapter 7 discharge of an individual debtor any debt for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance.

The debtor is not directly obligated to her minor children for Mr. Sinton's charges, but this fact is not determinative of discharge. In the case of *Silansky v. Brodsky, Greenblatt & Renehan (In re Silansky)*, 897 F.2d 743 (C.A.4 1990), the Fourth Circuit affirmed the holding of the District Court that attorney's fees ordered to be paid to attorneys for debtor's former spouse were within the coverage of § 523(a)(5) and not dischargeable,

following the holdings of such cases as *Pauley v. Spong (In re Spong)*, 661 F.2d 6 (C.A.2 1981), that classified fees allowed to a spouse's attorneys in divorce proceedings as nondischargeable debts in the category of alimony, maintenance, and support. *See Brodsky, Greenblatt & Renehan, Chartered v. Daumit (In re Daumit)*, 25 B.R. 371 (Bankr.Md.1982) (holding that counsel fees awarded to debtor's wife in a divorce action were nondischargeable under § 523(a)(5)); *Burns v. Burns (In re Burns)*, 186 B.R. 637, 643 (Bankr.S.C.1992) ("[T]he attorney's fees need not be payable directly to debtor's former spouse so long as the payment is on behalf of the former spouse.").

■ In this case, the issue presented is whether the award to the plaintiff by the Circuit Court for Frederick County is in the nature of support. The Circuit Court, for one, thought so. In an action in which custody, visitation rights or the amount of support of a minor child is contested, the appointment of counsel for minors is authorized under MD CODE ANN., FAM.LAW § 1–202 (1991). *John O. v. Jane O.*, 90 Md.App. 406, 436, 601 A.2d 149, 163 (1992) ("Counsel is responsible for providing the court with an independent analysis of the child's best interests, not advocating either parent's position."). Counsel's services are rendered for the child's benefit and support.

■ As noted in *Silansky*, the identity of the payee is not determinative of whether the debt is dischargeable. The question is whether the award of the fees to the guardian ad litem, attorney, psychiatrist, psychologist, or whatever professional is appointed to represent the interests of the child is in the nature of support and whether the term "support" is limited to monetary obligations.

■ The clear purpose of the court in appointing an attorney for the children is to act in the best interests of the attorney's wards. *Levitt v. Levitt*, 79 Md.App. 394, 404, 556 A.2d 1162, 1166–67 (1989). There are three functions that the court-appointed attorney can perform—"exercise certain waivers of the child's privileges, act as a guardian ad litem, and serve as the court's investiga-

tor." *Miller v. Bosley*, 113 Md.App. 381, 399, 688 A.2d 45, 54 (1997).

While there is no Fourth Circuit case on point, other than the unpublished decision that has no precedential value, *Stark v. Bishop*, 149 F.3d 1167 (4th Cir.1998), several other circuits have considered this issue and have held that fees such as those at issue here, payable to a third party on behalf of a child or former spouse, can be "as much for ... support as payments made directly [to the former spouse or child]." *Beaupied v. Chang (In re Chang)*, 163 F.3d 1138, 1140 (9th Cir.1998); *see In re Jones*, 9 F.3d 878, 880–81 (C.A.10 1993). In quoting from *Holtz v. Poe (In re Poe)*, 118 B.R. 809, 812 (Bankr. N.D.Okl.1990), *Jones* the court stated that it agreed that,

the best interest of the child is an inseparable element of the child's 'support'—put another way, 11 U.S.C. § 523(a)(5) should be read as using the term "support" in a realistic manner; the term should not be read so narrowly as to exclude everything bearing on the welfare of the child but the bare paying of bills on the child's behalf.

*Jones*, 9 F.3d at 881. Likewise, in *Dvorak v. Carlson (In re Dvorak)*, 986 F.2d 940, 941 (C.A.5 1993), the Fifth Circuit found that court-ordered attorney's fees incurred in a post-divorce custody dispute were nondischargeable. The court reasoned that the custody hearing was for the child's benefit and support and cited with approval the case of *Hill v. Snider (In re Snider)*, 62 B.R. 382 (Bankr.S.D.Tex.1986), for the proposition that "visitation is sufficiently related to child support so as to render the award as attorney's fees as non-dischargeable under § 523(a)(5)." *Dvorak*, 986 F.2d at 941.

To the same effect is the opinion in *Peters v. Hennenhoeffer (In re Peters)*, 964 F.2d 166, 167 (C.A.2 1992), where the Second Circuit held the counsel fees incurred by an attorney representing the debtor's minor son in a custody dispute to be nondischargeable. In a one-paragraph opinion the Circuit Court adopted the reasoning of the District Court in affirming the Bankruptcy Court decision. *Peters*, 964 F.2d at 166. The District Court noted, "[i]t is also generally accepted that fees incurred on behalf of a child are nondis-

chargeable because they are deemed to be support when those fees are inextricably intertwined with proceedings affecting the welfare of the child." *In re Peters*, 133 B.R. 291, 295 (S.D.N.Y.1991).

Similarly, the Tenth Circuit pointed out in the case of *In re Miller*, 55 F.3d 1487, 1490 (C.A.10 1995), that the fees of a guardian ad litem and psychologist incurred in divorce/custody proceedings, and ordered by the state court to be paid in a sum certain by an ex-spouse/parent directly to the guardian ad litem and psychologist, are not dischargeable.

In the case of *Ceconi v. Uriarte (In re Uriarte)*, 215 B.R. 669, 673 (Bankr.D.N.J. 1997), Judge Stripp offers eleven of the many cases in support of the proposition that "[t]he pertinent case law is almost unanimous in holding that guardian ad litem fees are for the support of the child and are, therefore, a debt 'to the child' under § 523(a)(5)."

The court has found but two cases offering a contrary position, namely, *In re Linn*, 38 B.R. 762 (9th Cir. BAP 1984), and the case of *In re Lanza*, 100 B.R. 100, 101 (Bankr. M.D.Fla.1989). *Linn* has been overruled by *In re Chang, supra*, and this court disagrees with the proposition espoused in *Lanza*, that is, "it appears that the real purpose behind the appointment of this guardian ad litem, the plaintiff herein, was for the representation of the child's interest in a custody dispute between the child's parents and not for any issues involving support or maintenance of the child." *Lanza*, 100 B.R. at 101. Public policy demands a far broader reading of what is meant by support for a minor child in 11 U.S.C. § 523(a)(5).

An appropriate order has been entered.