In re Linda Sue LEVIN, Debtor.

Mary J. Kretschmer, Esquire, Plaintiff,

v.

Linda Sue Levin, Defendant.

Bankruptcy No. 02–5–2338–SD.
Adversary No. 02–5236–SD.

United States Bankruptcy Court,
D. Maryland,
at Baltimore.

Feb. 25, 2004.

Linda Sue Levin, Baltimore, MD, pro se.

Mary J. Kretschmer, Towson, MD, pro se.

Deborah Hunt Devan, Baltimore, MD, Chapter 7 Trustee.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### (AS SUPPLEMENTED)

E. STEPHEN DERBY, Bankruptcy Judge.

Plaintiff, Mary J. Kretschmer, Esq., has filed a Motion for Summary Judgment

seeking a determination that the payment due her as attorney for the minor children for Defendant, Linda Sue Levin, is nondischargeable pursuant to 11 U.S.C. § 523(a)(5). Defendant has filed an opposition to Plaintiff's motion arguing that the decision in *Miller v. Miller,* 142 Md.App. 239, 788 A.2d 717 (2002), precludes a finding that an award of attorney's fees to a guardian *ad litem* is nondischargeable as in the nature of support under Section 523(a)(5). Since Defendant filed her opposition, the Court of Appeals of Maryland affirmed *Miller v. Miller, sub nom.,* in *Goldberg v. Miller,* 371 Md. 591, 810 A.2d 947 (2002). For the reasons that follow, Plaintiff's Motion for Summary Judgment will be granted.

### Background

The facts in this case are not disputed. During a proceeding in the Circuit Court for Baltimore County, Plaintiff was appointed to represent Defendant's minor children pursuant to Section 1–202 of the Family Law Article ("FL") of the Maryland Code (1984, 1999 Repl.Vol.), which authorizes the appointment of counsel for minor children of the parties whenever custody, visitation, or the amount of support of a minor is contested. Hearing on Motion for Summary Judgment, September 9, 2002. Prior to the filing of Defendant's petition under Chapter 7 of the Bankruptcy Code, on February 13, 2002, the circuit court entered a judgment dated October 12, 2001, ordering Defendant to pay Plaintiff $8,285.00 for "payment of counsel fees for legal services rendered ... on behalf of the [parties'] minor children...." P.1, Exhibit B. On May 13, 2002, Plaintiff filed a complaint commencing this proceeding objecting to the dischargeability of the $8,285.00 award of attorney's fees.

### Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), made applicable by Fed. R. Bankr.P. 7056, summary judgment is proper where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Here, there is no genuine dispute of the facts material to resolving Plaintiff's motion, and, therefore, summary judgment may be entered if either party is entitled to judgment as a matter of law. *Clark v. United States,* 630 F.Supp. 101, 103 (D.Md. 1986).

### Discussion

At issue in the subject adversary proceeding is whether the award of attorney's fees owed to Plaintiff is non-dischargeable under 11 U.S.C. § 523(a)(5), which provides:

(a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 408(a)(3) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

(B) such debt includes a liability designated as alimony, maintenance, or

support, unless such liability is actually in the nature of alimony, maintenance, or support; . . . .

Relying on *Sinton v. Blaemire (In re Blaemire)*, 229 B.R. 665 (Bankr.D.Md. 1999), Plaintiff contends that an award of attorney's fees to a guardian *ad litem* qualifies as an exception to Defendant's discharge. In response, Defendant argues that guardian *ad litem* fees do not constitute child support under Maryland law, and thus they do not fall within the scope of the Section 523(a)(5) exception to discharge. In support of her argument, Defendant contends the holding of the Court of Special Appeals of Maryland in *Miller v. Miller* (as subsequently affirmed in *Goldberg v. Miller*) effectively overrules *Blaemire.*

Defendant's reliance on *Miller* is misplaced. As a matter of law, *Miller* does not require the bankruptcy court to follow its holding when applying 11 U.S.C. § 523(a)(5). Further, for policy reasons this court should not be limited by the holding in *Miller* when it applies Section 523(a)(5).

■ The holding in *Goldberg v. Miller* is that guardian *ad litem* fees are not included in Maryland's statutory scheme for child support. That decision is limited to, *inter alia,* an interpretation of Maryland's child support guidelines, which provide Maryland courts with "uniform criteria that they must consider in awarding child support." *Goldberg,* 371 Md. at 604, 810 A.2d 947. Here, the court has been asked to determine whether a debt to pay guardian *ad litem* fees is a support obligation that is exempted from discharge under federal law, namely, 11 U.S.C. § 523(a)(5). Although state law is relevant in determining the character of the obligation, *see In re Ferebee,* 129 B.R. 71, 74 (Bankr.E.D.Va. 1991) (citing *Long v. West (In re West),* 794 F.2d 928, 930 (4th Cir.1986); *Macys v.*

*Macys (In re Macys)*, 115 B.R. 883, 890 (Bankr.E.D.Va.1990)), the ultimate decision turns on an interpretation of the Bankruptcy Code, its corresponding rules and applicable bankruptcy case law. *See Luppino v. Evans (In re Evans)*, 278 B.R. 407, 410 (Bankr.D.Md.2002); *In re Welborn*, 126 B.R. 948, 950 (Bankr.E.D.Va. 1991); *In re Ferebee*, 129 B.R. at 74; *In re Coffman*, 52 B.R. 667, 669–70 (Bankr. D.Md.1985). Consequently, *Goldberg v. Miller* does not require this court to ignore *Blaemire,* the controlling precedent in this District on the issue. Notwithstanding, a brief discussion of the *Miller* decisions is helpful for the purpose of distinguishing these decisions from the controlling principles to be applied in this case.

In *Miller v. Miller,* the Court of Special Appeals held that the trial court exceeded its authority by characterizing guardian *ad litem* fees as child support. 142 Md.App. at 250, 253, 788 A.2d 717. That decision arose out of a divorce proceeding in which the litigants were fighting over the custody of their minor child. *Id.* at 242, 788 A.2d 717. During that proceeding, the trial court appointed an attorney to serve as guardian *ad litem* "to protect the best interests of the child." *Id.* The trial court subsequently granted two petitions for attorney's fees that were filed by the minor's attorney. *Id.* at 242–43, 788 A.2d 717. In an attempt to collect the judgment against the husband, the attorney requested that the trial court modify the fee award of attorney's fees by entering an order characterizing the awards as child support, which, according to the request, would enable the attorney to garnish the husband's federal retirement benefits under 5 C.F.R. § 581 for the payment of child support. *Id.* at 243, 246, 788 A.2d 717. The trial court subsequently entered an order in which it characterized the fee awards as

being "in the nature of 'child support' recoverable for the support and benefit of the ... minor child and within the definition of '[c]hild [s]upport' as set forth in 5 C.F.R. § 581.102(d)." *Id.* at 243, 788 A.2d 717.

On appeal, the husband argued that the trial court abused its discretion in characterizing the attorney's fees as child support because such expenses were not included in the "specifically enumerated categories of expenses [under Maryland FL § 12–204 that] may be deemed child support expenses." 142 Md.App. at 246, 788 A.2d 717. The minor's attorney countered that the trial court's actions were authorized by 11 U.S.C. § 523(a)(5) and 5 C.F.R. § 581.102(d). *Id.*

The Court of Special Appeals reversed the trial court. 142 Md.App. at 244, 788 A.2d 717. With respect to the award of guardian *ad litem* fees, the court held that the trial court exceeded its authority by treating the fees as child support. *Id.* at 256, 788 A.2d 717. The court reached that conclusion by analyzing the Maryland statutory child support provisions found in FL section 12–204, which provides criteria that must be considered in computing child support awards. *Id.* at 249–50, 788 A.2d 717. Relying on the rule of statutory construction, *expressio unis est exclusio alteris*, i.e. the expression of one is the exclusion of another, the court reasoned that the omission of guardian *ad litem* fees from the criteria under FL section 12–204 "constitute[d] a statement that the Legislature did not intend for legal fees to be treated as child support." *Id.* at 251–53, 788 A.2d 717.

In *Goldberg v. Miller,* the Court of Appeals affirmed the decision of the Court of Special Appeals, holding that the trial court did not have authority to treat guardian *ad litem* fees as child support because such treatment was inconsistent with the Maryland statutory scheme for child support. *Goldberg,* 371 Md. at 597, 810 A.2d 947. The court based that decision on a reading of 5 C.F.R. § 581 and Maryland's statutory scheme for child support. *Id.* at 597–607, 810 A.2d 947.

The court began its analysis by interpreting 5 C.F.R. § 581, which permits garnishment of income if the obligation underlying the garnishment is one for child support. The court noted that, before the regulation could operate with respect to a child support obligation, the "obligation" had to meet the regulation's definition of child support, namely,

The amounts required to be paid for the support and maintenance of a child, ... which provides for monetary support, health care, arrearages or reimbursement, and which may include other related costs and fees, interest and penalties, income withholding, attorney's fees, and other relief.

*Id.* at 599, 810 A.2d 947 (quoting 5 C.F.R. § 581.102(d)).

Under the regulation, the court noted, a determination of whether attorney's fees qualified as child support turned on whether the award satisfied the conditions set forth in 5 C.F.R. § 581.307. *Id.* at 599, 810 A.2d 947. The court emphasized that the section imposed three requirements, *viz:* "(1) the award of attorney's fees must come through a 'legal process'; (2) the 'legal process' must expressly describe the attorney's fees as child support; and (3) the court issuing the legal process must possess the authority to treat attorney's fees as child support." *Id.*

Determining that the trial court's order met the first and second requirements of 5 C.F.R. § 581.307, the court examined whether the third condition of the regulation had been satisfied, i.e. whether the "awarding of attorney fees ... as child

support [was] within the authority of the court ... that issued the legal process." *Id.* at 600–01, 810 A.2d 947 (quoting 5 C.F.R. § 581.307(b)). The court pointed out that a court possesses the "authority" to award attorney's fees as child support under the regulation if the order "is not in violation of or inconsistent with State or local law." *Id.* at 601, 810 A.2d 947 (quoting 5 C.F.R. § 581.307(b)). The court found, however, that the applicable Maryland statutory law was silent with respect to whether guardian *ad litem* fees could be characterized as child support. *Id.* Accordingly, the court examined the legislative intent for Maryland's statutory scheme for child support to determine whether the trial court's treatment of guardian *ad litem* fees violated or was inconsistent with Maryland law. *Id.* at 602–08, 810 A.2d 947.

The court concluded that the Legislature did not intend that guardian *ad litem* fees be classified as child support. The court based its decision on two grounds, *viz:* "First, the Legislature elected not to include guardian *ad litem* fees under its scheme for identifying child support. Second, were guardian *ad litem* fees treated as child support, ... such treatment inappropriately could subject the debtor to possible imprisonment through contempt proceedings...." *Id.*

In arriving at that decision, the court noted that the attorney seeking the fee award in the case had relied "heavily" on the bankruptcy court's decision in *Blaemire*, 229 B.R. at 665, and that, for purposes of bankruptcy law, attorney's fees are "in the nature of child support" and, therefore, not dischargeable debts. *Id.* at 608–09, 810 A.2d 947. The court rejected that argument, explaining:

> [That position] fails to consider the consequences of allowing guardian *ad litem* fees to be treated as child support under

Maryland law. The policy consequence that we find most persuasive is that such a characterization could subject an obligated parent to potential imprisonment under the court's contempt powers.

Under bankruptcy principles, debts may be discharged unless they are specifically excepted under the bankruptcy code. 11 U.S.C.A. § 523 *et seq.* (2002). These specific exceptions reflect Congress's judgment that the creditor's interest in recovering full payment of debts in these categories outweighs the debtor's interest in obtaining a complete fresh start. *Cohen v. de la Cruz*, 523 U.S. 213, 222, 118 S.Ct. 1212, 1218, 140 L.Ed.2d 341, 348 (1998). In Congress's estimation, therefore, debts subject to discharge maintain the lowest priority for the debtor to satisfy. That is, bankruptcy law provides no preference for the debt, and the creditor must abstain from bringing any claim for it. *See* 11 U.S.C.A. § 524 (2002) (providing the effects of discharge). It comes as no surprise, then, that obligations "in the nature of child support" are excepted from discharge under federal bankruptcy law. 11 U.S.C.A. § 523(a)(5). The Bankruptcy Court's determination that guardian *ad litem* fees are "in the nature of child support" accordingly places the priority of such fees above the relatively low status of dischargeable debts.

*Id.* at 609–10, 810 A.2d 947. The court went on to explain:

> Federal bankruptcy law does not, in any way, bind this Court in making decisions regarding matters of state law. Likewise, decisions of the bankruptcy courts, although often guided by state law, rest ultimately on the interpretation of Title 11 of the United States Code and its corresponding regulations. *See In re Williams*, 703 F.2d 1055, 1056 (8th Cir.1983)("Whether a particular debt is

a support obligation ... is a question of federal bankruptcy law, not state law."). Unique policy considerations of federal bankruptcy law underlie all bankruptcy court interpretations of the bankruptcy code.

Not only is the bankruptcy court analyzing guardian *ad litem* fees in a vastly different context, but it is also interpreting different codified language. Under the relevant bankruptcy statute, 11 U.S.C.A. § 523(a)(5), a debt to a child, spouse, or former spouse is not discharged if it is "actually in the nature of alimony, maintenance or support." The language of this exception to dischargeable debts in bankruptcy reaches much farther than 5 C.F.R. § 581, the regulation we have been asked to interpret. 5 C.F.R. § 581.307 limits its reach to attorney's fees that a state law has authorized to be expressly *included* as child support. The inquiry under the regulation, therefore, does not involve the character of the service provided by the attorney, but, rather, the label that state law has placed on the attorney's service. In Maryland, the legislature declined to label guardian *ad litem* fees as child support.

*Id.* at 610 n. 8, 810 A.2d 947 (emphasis in original).

■ The *Goldberg* decision does not control the resolution of this adversary proceeding. The primary issue in *Goldberg* was whether a trial court had the authority to characterize an award of attorney's fees to a guardian *ad litem* as child support under the child support guidelines. The Court of Appeals had to examine 5 C.R.F. § 581 in conjunction with FL section 12–204 to determine whether Maryland law permitted an award of attorney's fees to be labeled as child support. As the Court of Appeals correctly noted in *Goldberg*, the bankruptcy court analyzes guardian *ad litem* fees in "a vastly different context." *Goldberg*, 371 Md. at 610 n. 8, 810 A.2d 947. That is, the bankruptcy court determines whether such fees are non-dischargeable under 11 U.S.C. § 523, not whether they should be characterized as child support under FL section 12–204.

This distinction is important. Maryland courts are bound by an enumeration in a statutory provision that does not allow them to consider what might be in the nature of child support. To the contrary, this court should consider whether an obligation is in the nature of child support under 11 U.S.C. § 523(a)(5), consistent with the bankruptcy purposes served by that provision. The Court of Appeals in *Goldberg* emphasized that one of the principal reasons a Maryland trial court is limited by the express Maryland statutory guidelines for characterizing an award as child support is because that characterization creates a parental duty that is enforceable by the court's contempt power to imprison a parent who refuses to comply with an order to pay child support. *Id.* at 603–04, 810 A.2d 947. The court acknowledged, however, that Section 523(a)(5) reaches much further than 5 C.F.R. § 581 and FL section 12–204 insofar as Section 523(a)(5) involves "the character of the service provided by the attorney, [not] the label state law has placed on the attorney's service." *Id.*

Maryland's Court of Appeals reached a similar conclusion on the limits of *Goldberg* when it held, *inter alia*, in a case of concurrent jurisdiction, that under federal law the automatic stay of 11 U.S.C. § 362(a) did not apply to the award of guardian ad litem's fees for services to a minor child in a divorce proceeding. *Klass v. Klass*, 377 Md. 13, 27, 831 A.2d 1067, 1075 (2003). The court concluded in *Klass* that federal bankruptcy law applied to define what was

support; and by analogy to decisions under 11 U.S.C. § 523(a)(5), it concluded that 11 U.S.C. §§ 362(b)(2)(A)(ii) and (B) excluded fees for such guardian ad litem services from the automatic stay as child support. See *id.*, 377 Md. at 24–28 and 831 A.2d at 1073–1075.

This court's *Blaemire* decision focused on the character of the services provided on the child's behalf in applying Section 523(a)(5). In *Blaemire,* Chief Judge Mannes of this court held that fees awarded to a guardian *ad litem* appointed pursuant to FL section 1–202 to represent the debtor's minor children in a proceeding involving custody and child support were "in the nature of support," and thus nondischargeable under Section 523(a)(5). *Blaemire,* 229 B.R. at 665. In concluding that the fees awarded to the attorney in *Blaemire* were in the nature of support and thus non-dischargeable, the court reasoned that the "clear purpose ... in appointing an attorney for the children is to act in the best interests of the attorney's wards." *Id.* (citing *Levitt v. Levitt,* 79 Md.App. 394, 404, 556 A.2d 1162 (1989)). The court explained:

> [T]he best interest of the child is an inseparable element of the child's "support"—put another way, 11 U.S.C. § 523(a)(5) should be read as using the term "support" in a realistic manner; *the term should not be read so narrowly as to exclude everything bearing on the welfare of the child but the bare paying of bills on the child's behalf.*

*Id.* (quoting *Jones v. Jones (In re Jones),* 9 F.3d 878, 881 (10th Cir.1993))(emphasis added). The court continued that public policy demands a broad reading of what is meant by support for a minor child under Section 523(a)(5). *Id.* at 669. A determination by the bankruptcy court that a debt is nondischargeable because it is in the nature of support does not make it en-

forceable by the contempt power of imprisonment for nonpayment. For these reasons, this court retains the discretion to find an obligation that is in the nature of support nondischargeable under Section 523(a)(5). Accordingly, the *Blaemire* test will continue to guide this court's determination of the case at bar.

■ Here, Plaintiff (like the attorney in *Blaemire* ) was appointed to represent Defendant's minor children pursuant to FL section 1–202. During the motions hearing, Defendant acknowledged that Plaintiff represented her children before the circuit court on issues relating to "visitation" and "waiving of medical rights." Hearing on Motion for Summary Judgment, September 9, 2002. Plaintiff received a court award of attorney's fees for her representation. P.1, Exhibit B. The proceeding affected the welfare of the children because it involved visitation and medical rights. The fees of Plaintiff were for her efforts to protect the best interests of the children. Accordingly, using a "realistic" interpretation of "support" (*see Blaemire,* 229 B.R. at 668), Plaintiff's award of attorney's fees is in the nature of support and thus non-dischargeable under 11 U.S.C. § 523(a)(5).

Therefore, it is by the United States Bankruptcy Court for the District of Maryland,

**ORDERED,** that Plaintiff's Motion for Summary Judgment is GRANTED; and it is further

**ORDERED,** that Defendant's judgment debt to Plaintiff for attorney's fees for legal services rendered by Plaintiff on behalf of Defendant's minor children is NONDISCHARGEABLE.