**In re John J. SOFFEE, Debtor.**

**Scott D. Landry, Esq., Plaintiff,**

**v.**

**John J. Soffee, Defendant.**

**Bankruptcy No. 03–38370–DOT.**

**Adversary No. 03–03413DOT.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

April 27, 2004.

DOUGLAS O. TICE, JR., Chief Judge.

## *MEMORANDUM OPINION AND ORDER*

Trial was held March 22, 2004, on plaintiff's complaint under 11 U.S.C. § 523(a)(5) seeking a determination of dischargeability of a debt in the amount of $1,380.75. For the reasons stated in this opinion, the court excepts the debt from debtor's discharge in bankruptcy.

### *Findings of Fact.*

Debtor John J. Soffee was formerly married to Marcia O. Soffee, and two children were born of this marriage. They were divorced by decree entered by the Circuit Court of Chesterfield County, Virginia, on December 19, 2002. Following entry of the divorce decree, both parties appealed an order from the Juvenile and Domestic Relations Court of Chesterfield County with respect to custody and visitation rights. During the custody proceeding on appeal in the circuit court, both parties agreed to have plaintiff Scott D. Landry appointed guardian ad litem to represent the interests of the parties' minor children, and he was duly appointed by circuit court order entered February 13, 2003. The same order directed Mr. Soffee to pay $1,380.75 to Mr. Landry for guardian ad litem services, and on June 5, 2003, the court entered judgment against debtor in this sum plus interest. The judgment represents one-half of the fees due plaintiff for representing the interests of both minor children in connection with the state court appeal.

The debtor filed this chapter 7 case on August 27, 2003. Plaintiff subsequently filed this proceeding to have the $1,380.75 judgment excepted from discharge.

Donald A. Denton, Richmond, VA, for Debtor.

*Conclusions of Law.*

Section 523(a)(5) of the Bankruptcy Code excepts from discharge a debt "to a ... child of the debtor, for ... support of such ... child, in connection with a separation agreement, divorce decree or other order of a court of record ...." 11 U.S.C. § 523(a)(5) (2000).

The issue here is whether debtor's obligation to pay plaintiff's judgment for guardian ad litem fees is 1) a debt to debtor's children, 2) for their "support" and 3) in connection with the divorce of debtor and his former spouse. The court finds that the debt falls within the three criteria of § 523(a)(5) and will except it from debtor's discharge.

## 1) DEBT TO DEBTOR'S CHILDREN

■ In general, the identity of the payee does not determine whether a debt is dischargeable under § 523(a)(5); the nature of the debt is the controlling inquiry. *See Walker v. Laing (In re Laing)*, 187 B.R. 531, 532–33 (Bankr.W.D.Va.1995); *Pauley v. Spong (In re Spong)*, 661 F.2d 6, 9–10 (2d Cir.1981). The debts to a guardian ad litem "can be said to relate just as directly to the support of the child as attorney's fees incurred by the parents in a custody proceeding." *Miller v. Gentry (In re Miller)*, 55 F.3d 1487, 1490 (10th Cir.1995). In *Laing*, the Western District of Virginia Bankruptcy Court applied the reasoning of the Tenth Circuit and held that in

> proceedings involving custody of children, the court ordered fees for services of a guardian *ad litem* ... are debts of the parents to their children for purposes of discharge under 11 U.S.C. § 523(a)(5) unless there is a clear finding of fact and ruling of law in the state court proceedings to the contrary.

187 B.R. at 533.

Here, debtor's obligation to plaintiff is a debt owed to the children of the debtor

and meets the first criterion for exception to discharge under § 523(a)(5). The state court proceeding did not generate a clear finding of fact and ruling of law contrary to the conclusion the guardian ad litem fees were in the nature of support.

## 2) DEBT FOR SUPPORT

■ This criterion requires an inquiry into the character of the obligation. While state law is relevant when determining an obligation's character, the final decision rests on an interpretation of the Bankruptcy Code and bankruptcy case law. *Kretschmer v. Levin (In re Levin)*, 306 B.R. 158, 160 (Bankr.D.Md.2004); *Williams v. Williams (In re Williams)*, 703 F.2d 1055, 1056 (8th Cir.1983) ("Whether a particular debt is a support obligation ... is a question of federal bankruptcy law, not state law."). A bankruptcy court should consider whether an obligation qualifies as support under § 523(a)(5) in accord with the purposes served by that section. *In re Levin*, 306 B.R. at 163.

For a comprehensive analysis of case law on the support issue as it concerns guardian ad litem fees, see *Sinton v. Blaemire (In re Blaemire)*, 229 B.R. 665, 668 (Bankr.D.Md.1999). The Maryland Bankruptcy Court, citing practically unanimous holdings, found that the purpose for appointing a guardian ad litem is to protect the best interests of the children, that the best interests of children are an inseparable element of their support, and that charges for these services meet the support criterion for nondischargeability under § 523(a)(5). *See id.*, 229 B.R. at 668. For example, see *Jones v. Jones (In re Jones)*, which stated the following rationale:

> [T]he best interest of the child is an inseparable element of the child's 'support'—put another way, 11 U.S.C.

§ 523(a)(5) should be read as using the term 'support' in a realistic manner; the term should not be read so narrowly as to exclude everything bearing on the welfare of the child but the bare paying of bills on the child's behalf.

9 F.3d 878, 881 (10th Cir.1993) (quoting *Holtz v. Poe (In re Poe)*, 118 B.R. 809, 812 (Bankr.N.D.Okla.1990)).

■ Here plaintiff represented debtor's children before the state court on issues relating to custody and visitation. The court finds that the custody and visitation proceedings affected the welfare of the children and that the guardian ad litem fees due plaintiff were incurred to protect the best interests of the children. This qualifies as support for purposes of § 523(a)(5). *See In re Blaemire*, 229 B.R. at 668.

### 3) IN CONNECTION WITH DIVORCE DECREE

■ Plaintiff was appointed guardian ad litem by the Chesterfield Circuit Court, a court of record, to represent the best interests of the minor children in connection with the custody and visitation dispute of debtor and his former spouse following their divorce. The representation was plainly related not just to a divorce decree but also to the circuit court order designating plaintiff guardian ad litem in the custody proceeding. Plaintiff's representation thus satisfies the third criterion for exception to discharge under § 523(a)(5). Accordingly,

**IT IS ORDERED** that the judgment debt of $1,380.75 plus interest owed by debtor to plaintiff for guardian ad litem services is excepted from debtor's discharge in bankruptcy pursuant to 11 U.S.C. § 523(a)(5).